**J.C. Penny Casualty Ins. Co.**
**v.**
**Professionals Ins. Co.**
*[Cite as 2 AOA 310]*

Case No. L-89-201
Lucas County, (6th)
Decided March 30, 1990

R.C. 2721.03
R.C. 3937.18

This is an appeal of a judgment of the Lucas County Court of Common Pleas.

On November 17, 1986, appellee[1] Sheldon J. Schachner, M.D., was involved in an automobile accident wherein his automobile "rear-ended" the automobile of Bonnie and John E. Kuch ("Kuches").

On November 12, 1987, the Kuches filed a complaint against Schachner alleging that Bonnie Kuch had suffered personal injury as a result of the collision and that this injury was caused by the negligent and/or intentional conduct of Schachner in operating his motor vehicle. John Kuch alleged that he had incurred medical expenses related to his wife's injury and stated a claim for loss of consortium and companionship. As of the date of hearing in this court, the civil personal injury suit remained pending in the trial court.

On September 1, 1988, appellee, J.C. Penney Casualty Insurance Company ("J.C. Penney"), the Kuches' automobile insurer, brought a declaratory judgment action against appellant, The Professionals Insurance Company ("Professionals"), Schachner's automobile insurer. In its complaint J.C. Penney alleged that Professionals had wrongfully denied Schachner coverage under his automobile insurance policy and that as a result of this denial the Kuches had filed an uninsured motorist claim with its insurer, J.C. Penney. Appellee's prayer for relief read:

"WHEREFORE, plaintiff J. C. Penney Casualty Insurance Company respectfully prays that the Court declare that Defendants wrongfully denied insurance coverage to Sheldon J. Schachner, M.D. or Sheldon J.

Schachner, Inc. in the above referenced collision; that Defendants be obligated under the applicable liability insurance policy for any settlement or judgment as to John and Bonnie Kuch; that J. C. Penney Casualty Insurance Company be reimbursed for all its expenses and costs incurred in investigating and handling of the 'uninsured motorist claim' of its insureds including any settlement it might reach with its insureds; attorney fees incurred by J. C. Penney Casualty Insurance Company regarding its insureds' uninsured motorist claim as well as to enforce its rights in this action; and such other relief as the Court may deem appropriate."

Professionals' answer charged, *inter alia*, that J.C. Penney lacked the requisite standing to bring an action under R.C. 2721.03 and that the collision which occurred on November 17, 1986, was excluded from coverage under Schachner's policy.

On January 6, 1989, Schachner was granted leave to intervene in the declaratory judgment action. Schachner's complaint adopted the allegations set fort in the J.C. Penney complaint but specifically stated that the intervenor did not request "expenses, costs, and attorney fees."

On March 24, 1989, appellee, J.C. Penney, filed a motion for summary judgment requesting only that the trial court find that appellant had a duty to defend in the civil case. That motion was supported by the deposition of Sheldon Schachner, a copy of Schachner's automobile insurance policy with Professionals, proof that said policy was in effect at the time of the accident, a transcript of an audiotaped interview between Schachner and his insurance agent, a letter from Professionals denying liability coverage for the November accident, and a copy of the complaint form the personal injury litigation. On March 28, 1989, Schachner filed a motion for summary judgment which adopted the memorandum of law and supporting materials in the J.C. Penney motion. Appellees requested that the trial court find that appellant had a duty to defend Schachner in the Kuch/Schachner litigation.

Appellant filed a memorandum in opposition to the motions for summary judgment supported by the deposition of John Kuch and its business records containing the insurance adjuster's investigation of the November 17 incident.

On May 2, 1989, appellees' motions for summary judgment were granted. From that judgment appellant now appeals and sets forth three assignments of error:

"I. The Court erred in holding that Professionals Insurance Company of Ohio owed a duty to plaintiff intervenor Sheldon Schachner in the underlying tort action, because plaintiff J.C. Penney Casualty Insurance Company had no standing in the present action.

"II. The Court erred in holding that Professionals Insurance Company of Ohio owed a duty to plaintiff intervenor Sheldon Schachner in the underlying tort action, since neither plaintiff intervenor Sheldon Schachner nor plaintiff J.C. Penney Casualty Insurance Company requested a defense.

"III. The Court erred in granting plaintiff-appellee J.C. Penney Casualty Insurance Company's Motion for Declaratory Judgment, in that the action of J.C. Penney Casualty Insurance Company vs. The Professionals Insurance Company of Ohio did not represent a real and substantial controversy in a justiciable dispute."

Appellant's first assignment of error asserts that the trial court erred by holding that J.C. Penney possessed standing to bring a declaratory judgment action against Professionals, requesting that the court find that appellant had a duty to defend its insured. In its third assignment of error, Professionals contends that under R.C. 2721.03 a declaratory judgment action can be maintained only where a real and substantial controversy exists between the parties. Appellant asserts that no "justiciable controversy" is presented between Professionals and J.C. Penney.

Appellant's first and third assignments of error actually present but a single question for our review. This question is whether the insurer of an injured party has the right, prior to a judgment of liability against the tortfeasor, to bring a declaratory judgment action against the tortfeasor's insurer and obtain a judgment finding that the tortfeasor's insurer has a duty to defend in a civil action pending between the injured party and the tortfeasor. For ease and clarity of discussion the law as applicable to J.C. Penney and as to Sheldon Schachner shall be discussed separately.

In *D.H. Overmyer Telecasting Co.* v. *American Home Assurance Co.* (1986), 29 Ohio App. 3d 31, the Court of Appeals for Cuyahoga County held that an injured person could not maintain a direct action against a tortfeasor's insurer absent a judgment against the insured. See, also, *Lawreszuk* v. *Nationwide Ins. Co.* (1977), 59 Ohio App. 2d 111, 114 (and the citations therein); *Chitlik* v. *Allstate Ins. Co.*

(1973), 34 Ohio App. 2d 193; *Niverth* v. *Thorton* (June 9, 1988), Cuyahoga App. No. 54890, unreported.

*D. H. Overmyer, supra,* was a declaratory judgment action instituted by the injured party to determine whether an attorney malpractice insurance policy covered unresolved claims which were part of a case pending in a federal court and asked for a declaration that the tortfeasor's insurer had violated its duty to act in good faith to negotiate a settlement with the injured party. The *Overmyer* court held that until a plaintiff obtains a judgment against the insured tortfeasor, he is not a party interested in the insurance contract between the tortfeasor and his insurer and therefore has no right to a declaratory judgment pursuant to R.C. 2721.03 *Id.,* at 33, citing to *Turner* v. *Hamilton Mut. Ins. Co.* (Feb. 28, 1974), Cuyahoga App. No. 32871, unreported. The court further noted that the duty to negotiate a settlement in good faith is one running "*** only from the insurer to the insured , not to third parties." *Id.,* paragraph three of the syllabus.

The duty to defend likewise arises from the contractual relationship between an insured and his insurer and a controversy between these parties as to the duty to defend may be properly determined by a declaratory action. *Erie Ins. Group* v.*Fisher* (1984), 15 Ohio St. 3d 380, 381, citing *Travelers Indemnity Co.* v. *Cochrane* (1951), 155 Ohio St. 305, paragraph one of the syllabus. However, this contractual duty does not extend to third parties. It is well-settled that an insurer has no greater rights in an action than its insured. See, generally, 59 Ohio Jurisprudence 3d (1985) 290-291, Insurance, Section 1207. It therefore follows that where a tort claimant cannot maintain an action against a tortfeasor's insurer, the claimant's insurer cannot seek to impose a duty to defend on that insurer by means of a declaratory judgment action.

R.C. 2721.03 provides:

"Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

"The testator of a will may have the validity of the will determined at any time during his lifetime pursuant to sections 2107.081 [2107.08.1] to 2107.083 [2107.08.5] of the Revised Code."

The trial court found, in essence, that Professionals had wrongfully denied Schachner coverage under the liability provisions of his automobile insurance policy. This breach of insurance contract then affected the "rights, status or legal relations" of J.C. Penney by bringing the Kuches' claim within the uninsured motorist provisions of R.C. 3937.18. See R.C. 3937.18(D). Therefore, the court below reasoned that J.C. Penney had the "standing" or a sufficient interest in the contract to bring a declaratory judgment under R.C. 2721.03.

J.C. Penney asserts that this potential liability under the uninsured motorist provision of the Kuches' automobile insurance policy provides an identifiable interest in the construction of the alleged tortfeasor's contract.

The special remedy provided through declaratory relief requires a real and substantial controversy which is justiciable in nature and necessitates speedy relief to preserve rights that might otherwise be impaired or lost. *Shaefer* v. *First Natl. Bank* (1938), 134 Ohio St. 511, at paragraph three of the syllabus. The resolution of that controversy must confer certain rights or status upon the litigants. *Corron* v. *Corron* (1988), 40 Ohio St. 3d 75, 79, citing *Radaszewski* v. *Keating* (1943), 141 Ohio St. 489.

Although the Kuches are now deemed "uninsured" motorists under R.C. 3937.18(D), J.C. Penney has failed to plead any facts showing the impairment or loss of any of its rights as a result of this status. No liability has been determined in the personal injury case pending in the court below. Appellee offers no evidence that it has expended monies as a result of a settlement or judgment entry in favor of the Kuches' uninsured claim, that the Kuches have subrogated their claim to their insurer, that J.C. Penney has taken part in the Kuch/Schachner litigation, or that any of its legal rights have been lost or impaired. Essentially, appellee J.C. Penney's action is premature and, as such, appellee cannot seek to impose liability upon Professionals for any prospective obligation incurred by J.C. Penney as a result of the Kuches' uninsured status.

Professionals also asserts, under its first assignment of error, that J.C. Penny and

Schachner never requested a declaration of the duty to defend in their complaint. Therefore, appellant argues that they could neither request nor be granted this form of relief.

A reading of appellant's assignments of error indicates that the foregoing assertions should be considered as a part of appellant's second assignment of error rather than its first. Accordingly, we find appellant's first assignment of error relative to J.C. Penney only well-taken. Appellant's third assignment of error is found well-taken. That portion of appellant's first assignment of error claiming that Schachner waived his right to raise the issue of duty to defend shall be considered as part of appellant's second assignment of error.

To reiterate, in his second assignment of error, appellant argues that Schachner never requested a declaration of the duty to defend in his complaint and that the trial court therefore could not grant this form of relief.

Civ. R. 8(A) provides that a pleading need only contain "*** (1) a short and plain statement showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded." J.C. Penny's complaint requested "such other relief as the Court may deem appropriate." The facts set forth in that complaint alleged that appellant had wrongfully denied coverage to its insured. Upon intervening, appellee, Sheldon Schachner, adopted the allegations and demand for relief stated in the J.C. Penny complaint. These aspects of this complaint are sufficient to give rise to a claim of failure of duty to defend and permit consideration of said claim by the trial court. Moreover, a prayer for a declaratory judgment requires such a declaration of rights if it alleges sufficient facts to state a cause of action under the Declaratory Judgment Act, R.C. 2721.01 *et seq.*

The prayer of appellees' complaint asked for a declaration of rights under the insurance policy. While it is true that it asked these to be construed in a certain way, the relief demanded under R.C. 2721.01 *et seq.*, would be for a declaration of rights under the policy alone. If there was a justiciable controversy and Schachner had a legal interest in the controversy, he was entitled to a declaration of those rights, including Professionals' duty to defend, under his automobile insurance policy. *Indemnity Co.* v. *Chames* (1959), 170 Ohio St.

209. See, generally, 35 Ohio Jurisprudence 3d (1982) 81, Declaratory Judgments, Section 39.

A controversy between an insured and his insurer as to the insurer's duty to defend is properly determinable by a declaratory judgment action. *Erie Ins. Group, supra.* The duty to defend is generally determined by construing the material terms of the insurance policy and the allegations in the pleadings in the action against the insured. *Willoughby Hills* v. *Cincinnati Ins. Co.* (1984), 9 Ohio St. 3d 177, syllabus. The general rule is that "where the complaint brings the action within the coverage of the policy the insurer is required to make defense, regardless of the ultimate outcome of the action or its liability to the insured." *Motorists Mutual* v. *Trainor* (1973), 33 Ohio St. 2d 41, paragraph two of the syllabus.

The relevant portion of the policy between Schachner and Professionals reads:

"PART A -- LIABILITY COVERAGE

"We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.

"***

"EXCLUSIONS A. We do not provide Liability Coverage for any person:

"1.Who intentionally causes bodily injury or property damage."

Appellant contends that Schachner's conduct was intentional, thus excluding him from liability coverage. However, the complaint filed by the Kuches against Schachner alleged claims sounding in both negligence and intentional tort. The trial court found that under *Willoughby Hills, supra,* the pleadings did state claims potentially or arguably within the policy coverage and that defense of the claim by Professionals was, therefore, mandatory. See, also, *Preferred Mut. Ins. Co.* v. *Thompson* (1986), 23 Ohio St. 3d 78, 80, citing *State Farm Fire & Cas. Co.* v. *Pildner* (1974), 40 Ohio St. 2d 101.

It appears, at first blush, that the court below was correct in granting summary judgment based solely on the allegations in the pleading of the tort action. Nonetheless, the Supreme Court of Ohio has carved out an exception to this rule and in doing so expressly overruled *Pildner, supra.* See *Preferred Risk Ins. Co.* v. *Gill* (1987), 30 Ohio St. 3d 108.

In *Preferred Risk*, at paragraph two of the syllabus, the court held:

"2.Where the insurer does not agree to defend groundless, false or fraudulent claims, and insurer's duty to defend does not depend solely on the allegations of the underlying tort complaint. Absent such an agreement, the insurer has no duty to defend or indemnify its insured where the insurer demonstrates in good faith in the declaratory judgment action that the act of the insured was intentional and therefore outside the policy coverage."

In *Preferred, supra*, the court further determined that in a declaratory action brought for the purpose of adjudicating the duty to defend that the "insurer may proceed to demonstrate that the facts alleged in the underlying tort complaint differ from the actual facts ascertained by the insurer and that the actual facts remove the insured's conduct from coverage." *Id.*, paragraph one of the syllabus.

In the case *sub judice*, appellant did not agree in the insurance contract to defend Schachner against any claim alleging facts within coverage, even if groundless, false, or fraudulent, but only against any claim for which any covered person becomes legally responsible and which Professional considers appropriate. Hence, in this cause a determination of the duty to defend does not depend solely on the allegations of the underlying tort complaint.

The trial court granted summary judgment pursuant to the rule in *Willoughby Hills, supra*. We find that the facts offered by appellant as to the intentionally of its insured's conduct in causing the accident on November 17, 1986, must also be considered by that court. Accordingly, appellant's second assignment of error is found well-taken.[2]

On consideration whereof, this court finds that substantial justice has not been done the party complaining. The judgment of the Lucas County Court of Common Pleas relative to J.C. Penny Casualty Insurance Company is reversed and its declaratory action against Professionals Insurance Company is dismissed. The grant of summary judgment to Sheldon J. Schachner is also reversed and remanded to the trial court for further proceedings not inconsistent with this judgment.

*Judgment reversed*
*and cause remanded.*

PETER M. HANDWORK, P.J.
GEORGE M. GLASSER, J. Concur.

Prior to his death, JUDGE JOHN J. CONNORS, JR., did participate in the decision-making process of this case.

———

[1] Schachner filed a brief on appeal as an "intervenor," however, he is an appellee and shall be referred to as such.
[2] We express no opinion as to the merits of Professionals' evidence on the issue of intentionality. That is a question to be determined by the trial court on remand.