I respectfully dissent. Although the trial court did not recite the talismanic language required by this Court, obviously the import of the trial court's finding was that the matter was non-justiciable. See Loperv. Ohio Adult Parole Authority (Jun. 28, 2001), Franklin App. No. 00AP-436, unreported.
James Newton filed a declaratory judgment action against the Ohio Adult Parole Authority ("APA") in an attempt to overturn the APA's decision to deny him parole. To maintain an action for declaratory judgment, a party must show that a real, justiciable controversy exists between adverse parties, and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. Buckeye Quality Care Centers,Inc. v. Fletcher (1988), 48 Ohio App.3d 150, 154. A trial court may dismiss a complaint for declaratory relief only if no real controversy or justiciable issue exists, or the declaratory judgment will not terminate the uncertainty or controversy. Miller v. Summit Cty. Bd. of Edn., (Apr. 7, 1993), Summit App. No. 15847, unreported, citing Fioresi v. State FarmMut. Auto. Ins. Co. (1985), 26 Ohio App.3d 203, 203-04.
A real, justiciable controversy is a "genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Wagner v. Cleveland
(1988), 62 Ohio App.3d 8, 13. The resolution of that controversy must confer certain rights or status upon the litigants. J.C. Penney Cas.Ins. Co. v. Professionals Ins. Co. of Ohio (1990), 67 Ohio App.3d 167,172, citing Corron v. Corron (1988), 40 Ohio St.3d 75, 79.
It is well established that "`[t]here is no constitutional or inherent right * * * to be conditionally released before the expiration of a valid sentence.'" State ex rel. Hattie v. Goldhardt (1994), 69 Ohio St.3d 123,125, quoting Greenholtz v. Inmates of Nebraska Penal CorrectionalComplex (1979), 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668, 675. Because Newton had no right to be released before the expiration of his sentence, there was no genuine issue between the parties; there was no justiciable controversy between Newton and the APA. Accordingly, I would affirm the trial court's dismissal of Newton's complaint based on his failure "to state a claim upon which relief can be granted."