OPINION
Plaintiff-appellant, Indiana Insurance Company ("appellant"), appeals from the grant of summary judgment in favor of defendants-appellees M.D.O. Homes, Inc. ("M.D.O. Homes"), Dennis Oppenheim ("Oppenheim"), Michael Osborne ("Osborne"), and Joseph Calderwood ("Calderwood"). The trial court granted summary judgment for the defendants because the underlying complaint upon which appellant's complaint for declaratory judgment was based had been dismissed.
On September 29, 1998, John and Sherrie Krann filed a complaint regarding disputes surrounding the construction of their Mentor home. Appellant's predecessor in interest provided the primary defense for the defendants. The Kranns dismissed their complaint on September 13, 1999, pursuant to Civ.R. 41(A)(1). Following the dismissal, on October 18, 1999, appellant filed the instant action requesting the trial court declare that the allegations set forth in the Kranns' complaint were excluded under the general commercial liability policy that it issued to M.D.O. Homes. Therefore, appellant contended it had no duty to provide coverage or indemnify the defendants.
On November 30, 1999, defendant, Michael Osborne, filed a motion to dismiss premised upon the argument that, because the Kranns' underlying lawsuit had been dismissed, appellant's declaratory judgment complaint did not set forth a justiciable question, as an actual controversy no longer existed between the parties. On January 18, 2000, defendant, Dennis Oppenheim, filed a summary judgment motion contending that the facts upon which appellant relied upon to bring its declaratory judgment action no longer existed, rendering the claim moot. Also on January 18, 2000, defendant, M.D.O. Homes, filed a Civ.R. 56 motion for summary judgment, essentially reiterating the arguments set forth in Oppenheim's motion.
On February 9, 2000, the trial court issued its judgment entry finding that, because of the dismissal of the underlying lawsuit, appellant currently faced no demand for coverage or indemnity. The possibility of the Kranns refiling their complaint did not create a controversy ripe for adjudication. The court further found appellant had not demonstrated hardship if judicial relief was denied at this stage of the proceedings. The trial court granted summary judgment in favor of Oppenheim and M.D.O. Homes and ordered Osborne's Civ.R. 12(B)(6) motion converted to a summary judgment motion. On April 24, 2000, following appellant's failure to respond to the conversion of the motion to dismiss into a summary judgment motion, the trial court granted summary judgment in favor of defendant Osborne.
On July 14, 2000, defendant Calderwood filed his motion for summary judgment, essentially raising the same arguments as the other defendants. The trial court granted his motion on September 8, 2000. This appeal follows.
In its sole assignment of error, appellant asserts that R.C. 2721.03, governing declaratory judgment actions, provides that any person having an interest under a written contract may ask the court to determine a question of construction or validity arising under the contract. Appellant contends an insurer may utilize this statute to maintain an action as to non-liability under an insurance policy. Appellant argues the Kranns' voluntary dismissal means that the complaint may be refiled, causing appellant to provide a defense to the defendants, thereby incurring considerable expenses.
Any person interested under a written contract, inter alia, may have the court determine any question of construction or validity arising under the contract and obtain a declaration of rights, status, or other legal relations under it. R.C. 2721.03. A declaratory judgment may be either affirmative or negative in form and effect. R.C. 2721.02(A);McConnell v. Hunt Sports Enterprises (1999), 132 Ohio App.3d 657. In order to maintain an action for declaratory judgment, a party must show that a real controversy exists between the parties, which is justiciable in character, and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. Burger Brewing Co. v.Liquor Control Comm. (1973), 34 Ohio St.2d 93, 97. A trial court may dismiss a complaint for declaratory relief only if no real controversy or justiciable issue exists, or if the declaratory judgment will not terminate the uncertainty or controversy. Fioresi v. State Farm Mut.Auto. Ins. Co. (1985), 26 Ohio App.3d 203, syllabus. Essentially, courts have the power to resolve present disputes and controversies, but do not have authority to issue advisory opinion to prevent future disputes.
A real, justiciable controversy is a "genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Wagner v. Cleveland
(1988), 62 Ohio App.3d 8, 13. The controversy must be a real or actual controversy. See Burger Brewing Co., supra. The resolution of that controversy must confer certain rights or status upon the litigants.J.C. Penney Cas. Ins. Co. v. Professionals Ins. Co. of Ohio (1990),67 Ohio App.3d 167, 172. An action will not lie to obtain a judgment which is merely advisory in nature or which answers a moot or abstract question. Cincinnati Metro. Housing Auth. v. Cincinnati Dist. CouncilNo. 51 (1969), 22 Ohio App.2d 39, 43. A court will not indulge in advisory opinions. Egan v. National Distillers Chemical Corp. (1986),25 Ohio St.3d 176, syllabus.
A trial court's ruling on a complaint for declaratory judgment is reviewed under an abuse of discretion standard. See Bilyeu v. MotoristsMut. Ins. Co. (1973), 36 Ohio St.2d 35, syllabus. However, that discretion is predicated on the plaintiff's failure to state a claim upon which declaratory relief may be granted. A trial court must declare the rights of the parties when the complaint states a viable claim for relief. Peat Marwick Main Co. v. Elliott (Jan. 10, 1991), Franklin App. No. 90AP-921, unreported, 1991 Ohio App. LEXIS 101.
A trial court is not in a position to interpret a contract or define any rights arising from a contract in the absence of a specific present dispute. Therapy Partners of Am., Inc. v. Richards Healthcare, Inc. (Apr. 21, 1998), Franklin App. No. 97APE09-1257, unreported, 1998 Ohio App. LEXIS 1707. The duty of an insurance company to defend its insured in a civil action may be determined by a declaratory judgment action when that duty is presently in dispute. Erie Ins. Group v. Fisher (1984),15 Ohio St.3d 380, 381. In such circumstances, an insurance company's duty to defend generally is determined by construing the material terms of the insurance policy and the allegations contained in the pleadings which were filed against the insured. J.C. Penney Cas. Ins. Co., supra,
at 174.
The record before this court shows that the Kranns dismissed their complaint against the defendants prior to appellant's filing of the complaint for declaratory judgment. Appellant's primary request was for the trial court to declare that it had no duty to defend the defendants if the Kranns refiled their complaint.
Since the Kranns did not assert a current right to such defense, appellant's action seeks an advisory opinion about a speculative possible future event/controversy. The trial court found that the mere possibility of a future lawsuit or controversy concerning legal representation did not create a present "controversy ripe for adjudication." The record supports this conclusion. Therefore, the trial court did not abuse its discretion in determining that (1) a controversy was not yet ripe or, (2) appellant had demonstrated hardship if relief was not granted at this time. Appellant's assignment of error is not well taken.
Appellant also argues it expended funds for an expert in the original action. The trial court noted defendant Calderwood had not filed suit to recover the costs of the expert. This claim also is not ripe at this time. The trial court did not abuse its discretion by granting summary judgment to the defendants. Appellant's assignment
of error is overruled. The judgment of the Lake County Court of Common Pleas is affirmed.
JUDGE DIANE V. GRENDELL, O'NEILL, P.J., CHRISTLEY, J., concur.