OPINION
{¶ 1} Appellant, Chief T. (Thundercloud) Way ("appellant"), filed this appeal seeking reversal of a decision granting summary judgment in favor of appellees, Ohio Department of Rehabilitation and Correction ("ODRC"), Ohio Adult Parole Authority ("OAPA"), ODRC Chief Counsel Gregory Trout ("Trout") and ODRC Assistant Chief Legal Counsel T. Austin Stout ("Stout"), referred to collectively hereafter as "appellees." For the reasons that follow, we affirm the trial court's decision.
 {¶ 2} In 1988, appellant was the subject of a 22 count indictment in Hamilton County, on which two separate jury trials were held. On May 24, 1988, in the first jury trial, appellant was convicted of the following offenses, with the sentence for each appearing in parentheses following: (1) Count 18, aggravated robbery with a gun specification (three years actual plus 15 years actual to 25 years); (2) Count 19, felonious assault with a gun specification (eight to 15 years); (3) Count 20, aggravated robbery with a gun specification (three years actual plus 15 years actual to 25 years); (4) Count 22, having a weapon under disability (three to five years). The three-year sentences for the gun specifications in Counts 18 and 20 were ordered to be served consecutively, while the offenses for the underlying offenses were ordered to be served concurrently. The gun specification for Count 19 apparently merged for sentencing purposes. Thus, appellant's total sentence from the first jury trial was six years actual plus 15 years actual to 25 years.
 {¶ 3} On July 21, 1988, in the second jury trial, appellant was convicted of the following offenses, again with the sentence for each appearing in parentheses following: (1) Count 1, aggravated robbery with a gun specification (three years actual plus 15 years actual to 25 years); (2) Count 2, theft (no sentence); (3) Count 3, theft (18 months concurrent with Count 5); (4) Count 4, theft (no sentence); (5) Count 5, aggravated robbery with a gun specification (three years actual plus 15 years actual to 25 years); (6) Count 6, aggravated robbery with a gun specification (three years actual plus 15 years actual to 25 years); (7) Count 7, theft (no sentence); (8) Count 8, aggravated robbery with a gun specification (three years actual plus 15 years actual to 25 years); (9) Count 9, theft (no sentence); (10) Count 12, aggravated robbery with a gun specification (three years actual plus 15 years actual to 25 years); (11) Count 13, theft (no sentence); (12) Count 14, aggravated robbery with a gun specification (three years actual plus 15 years actual to 25 years); (13) Count 15, theft (no sentence). Nolle prosequis were entered on the remaining counts. The sentences on Counts 1, 5, 6, 8, 12, and 14 were imposed consecutively to one another and consecutively to the sentence imposed after the first jury trial. Thus, appellant's aggregate term was 24 years actual plus 15 years actual to 175 years. On August 2, 1988, ODRC mistakenly advised appellant that his aggregate sentence was six years actual plus 15 years actual to 25 years.
 {¶ 4} On direct appeal, the First District Court of Appeals concluded that there was insufficient evidence to support appellant's conviction of the gun specification on Count 18. The appeal apparently only addressed issues relating to the first jury trial, and did not affect the outcome of the second jury trial. On remand, the trial court vacated the three-year sentence imposed for the gun specification on Count 18. The remainder of the sentence was unchanged, so appellant's new aggregate sentence was 21 years actual plus 15 years actual to 175 years.
 {¶ 5} On May 26, 1999, ODRC attempted to recalculate its records to reflect the vacated three-year sentence on Count 18's gun specification. It did so based on the incorrect calculation made on August 2, 1988, so the new calculation reflected an aggregate sentence of three years actual plus 15 years actual to 175 years. Based on this incorrect calculation, appellant was to be scheduled for a parole hearing in November of 2001. The error was not caught until August of 2001, when Stout informed Trout of the error in a memo. Trout then informed appellant of the correct calculation and postponed appellant's parole hearing.
 {¶ 6} Ultimately, appellant filed this action seeking a declaratory judgment that appellees unlawfully altered or amended the sentences originally imposed by the Hamilton County Court of Common Pleas. Appellees filed a motion for summary judgment arguing that there was no real controversy or justiciable issue between the parties. The trial court granted the motion for summary judgment, and appellant filed this appeal.
 {¶ 7} Although not designated as assignments of error, appellant alleges six grounds for our review:
 Ground One: Relator was denied judicial notice.
 Ground Two: Irregularities in proceedings of the court.
 Ground Three: Violations of the discovery process. and supplemental discovery and process was prejudicially suppressed and violated. Ground Four: Relator's volunteer joint
 Ground Five: The trial judge abused its discretion in his decision upholding a sham legal process by being afforded to and by the Respondents.
 Ground Six: Trial judge abused his discretion under Ohio Rules of Civil Procedure and practice: Rule 56 et al.
 {¶ 8} For ease of discussion, we will begin with appellant's sixth assignment of error, which appears to allege that the trial court incorrectly granted summary judgment in favor of appellees. We review the trial court's grant of summary judgment de novo. Coventry Twp. v.Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp. Rels. Bd. (1997),78 Ohio St.3d 181, 183, 677 N.E.2d 343.
 {¶ 9} The moving party bears the responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of material fact on the essential elements of the claims of the nonmoving party. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292,662 N.E.2d 264. As stated in Dresher:
 The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R.(56)(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. (56)(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Id. at 293. (Emphasis sic.)
 {¶ 10} In order to maintain an action for a declaratory judgment, a party must show that there exists a real controversy between the parties, which is justiciable in character, and that speedy relief is necessary to preserve rights that otherwise may be impaired or lost.Burger Brewing Co. Liquor Control Comm. (1973), 34 Ohio St.2d 93, 63 O.O.2d 149, 296 N.E.2d 261. A real, justiciable controversy is a "genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Wagner v. Cleveland (1988), 62 Ohio App.3d 8, 13,574 N.E.2d 533. The resolution of that controversy must confer certain rights or status on the litigants. J.C. Penney Cas. Ins. Co. v.Professionals Ins. Co. of Ohio (1990), 67 Ohio App.3d 167,586 N.E.2d 222.
 {¶ 11} In this case, there is no real, justiciable controversy between appellant and appellees. The two sentences imposed on appellant in 1988, as modified as a result of the decision on direct appeal by the First District Court of Appeals, make it clear that he is required to serve 21 years of actual incarceration on the seven gun specifications, plus 15 years actual to 175 years on the underlying offenses. ODRC incorrectly calculated the earliest date upon which appellant would be eligible for parole by considering only the sentence imposed after the first jury trial. The declaratory judgment appellant seeks would require appellees to continue incorrectly calculating appellant's date of eligibility for parole, and would therefore confer upon him a right he does not have, i.e., the right to a parole hearing on a date earlier than that called for by application of the sentence actually imposed on him by the trial court. Since no real, justiciable controversy exists between appellant and appellees, summary judgment was appropriately granted in favor of appellees, and appellant's sixth assignment of error is overruled.
 {¶ 12} Appellant's second through fifth assignments of error are interrelated, and involve the trial court's failure to rule on a motion to compel discovery appellant filed. The record reflects that on August 31, 2005, appellees filed the motion for summary judgment that was ultimately granted by the trial court. On September 6, 2005, appellant filed his memorandum in response to the motion for summary judgment. On September 29, 2005, appellant filed a pleading entitled "REQUEST FOR DISCOVERY AND DISCLOSURE OF WITNESSES." This document included proposed interrogatories. On July 11, 2006, appellees filed a Motion to Stay Discovery, which specifically referred to the interrogatories propounded by appellant, on the grounds that appellees' motion for summary judgment was pending, and the requested interrogatories would not yield any materials that would have assisted appellant in responding to the motion. On October 18, 2005, appellant filed a motion seeking to compel appellees to respond to appellant's discovery request.
 {¶ 13} The trial court granted appellees' motion for summary judgment without ruling on either appellant's motion to compel discovery or appellees' motion to stay discovery. Generally, when a trial court fails to rule on a motion, the motion is deemed to have been overruled.State v. Scruggs, Franklin App. 02AP-621, 2003-Ohio-2019. Thus, the issue is whether the trial court erred by overruling appellant's motion to compel discovery. A trial court enjoys broad discretion in the regulation of discovery, so a trial court's decision to sustain or overrule a motion to compel discovery will not be reversed absent an abuse of discretion. 513 East Rich Street Co. v. McGreevy, Franklin App. No. 02AP-1207, 2003-Ohio-2487.
 {¶ 14} An examination of the interrogatories propounded by appellant shows that they were directed largely to appellee Trout as Chief Legal Counsel of ODRC. The interrogatories sought some information about the manner in which appellant was informed of the postponement of his parole hearing, but mostly sought information about Trout's knowledge and legal background. These subjects were clearly not germane to the issues at hand in the declaratory judgment action, and would not have assisted appellant in responding to the motion for summary judgment, particularly given that appellant had already filed a response to that motion by the time he propounded the interrogatories. Thus, the trial court did not abuse its discretion by overruling the motion to compel discovery. Appellant's second through fifth assignments of error are therefore overruled.
 {¶ 15} In his first assignment of error, appellant alleges irregularity in the manner in which his case was assigned because the case was originally assigned to Judge Jennifer Brunner, but was ultimately ruled upon by Judge Gregory Peterson. We note that while appellant's case was pending, Judge Brunner resigned her seat to begin her campaign for Ohio Secretary of State. Judge Peterson was appointed to serve her unexpired term, and was therefore responsible for those pending cases that had originally been assigned to her. Thus, there was no irregularity in the assignment of appellant's case, and his first assignment of error is therefore overruled.
 {¶ 16} Having overruled appellant's six assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
BROWN and FRENCH, JJ., concur.