OPINION
{¶ 1} This is an appeal by defendant-appellant, third-party plaintiff, Richard Cly, from a judgment of the Franklin County Municipal Court, granting summary judgment in favor of third-party defendant-appellee, Safe Auto Insurance Company ("Safe Auto").
 {¶ 2} In December 2003, Safe Auto issued an auto insurance policy to appellant. On February 6, 2004, appellant was involved in a collision with an automobile driven by Marcia Smith. Smith's vehicle was insured by Westfield National Insurance Company ("Westfield"). It is undisputed that appellant did not have a valid driver's license at the time of the accident.
 {¶ 3} On October 15, 2004, Westfield, as the subrogee of Smith, filed a complaint against appellant, alleging he had negligently operated his vehicle, causing damage to Westfield's insured's motor vehicle. On November 7, 2005, appellant filed a third-party complaint against Safe Auto. On December 20, 2005, appellant filed a complaint for declaratory judgment against Safe Auto, alleging that Safe Auto had a duty to defend "regardless of the liability of the insurer to the insured under the terms of the policy."
 {¶ 4} On February 10, 2006, Safe Auto filed a motion for leave to file a motion for summary judgment, which the trial court granted. Attached to Safe Auto's motion for summary judgment was a certified copy of appellant's driving record as maintained by the Ohio Bureau of Motor Vehicles. On February 27, 2006, appellant filed a motion in opposition to Safe Auto's motion for summary judgment.
 {¶ 5} On May 11, 2006, Westfield filed a notice of voluntary dismissal of its complaint, having reached a settlement with appellant. By entry filed June 16, 2006, the trial court granted Safe Auto's motion for summary judgment against appellant. *Page 3 
 {¶ 6} On appeal, appellant sets forth the following single assignment of error for this court's review:
 The trial court erred when it granted summary judgment to Safe Auto because the duty to defend is broader than the duty to indemnify.
 {¶ 7} Appellant acknowledges there is no duty on the part of Safe Auto to indemnify in this case; however, citing Willoughby Hills v.Cincinnati Ins. Co. (1984), 9 Ohio St.3d 177, 179, appellant notes that, under Ohio law, the duty of an insurance company to defend an insured against a claim is broader than the duty to indemnify. Appellant, in seeking recovery from Safe Auto for costs incurred in settling the underlying action with Westfield, maintains that the fact Safe Auto can rightfully deny liability coverage to him has no effect on its duty to defend against the claim of Westfield.
 {¶ 8} We initially note that this court's standard of review, in considering a trial court's granting of summary judgment, is de novo.Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390. In order to prevail under Civ.R. 56(C), a movant must show: "`(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party.'" Id., quoting Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105.
 {¶ 9} In general, an insurer's duty to defend an action against its insured is determined by a review of the terms of the insurance policy, the allegations in the complaint and any allegations arising after the filing of the complaint. Westfield Ins. Co. v. Factfinder MarketingResearch, Inc., 168 Ohio App.3d 391, 2006-Ohio-4380, at ¶ 15;J.C. *Page 4 Penney Cas. Ins. Co. v. Professionals Ins. Co. of Ohio (1990),67 Ohio App.3d 167, 174. See, also, Lenk v. Nationwide Mut. Ins. Co. (Feb. 19, 2002), Franklin App. No. 01AP-824 (because the pleadings alone may not provide sufficient factual information to determine duty to defend, "the scope of the allegations may encompass matters outside the four corners of the pleadings").
 {¶ 10} In its entry granting summary judgment in favor of Safe Auto, the trial court held in relevant part:
 * * * The Third-Party Plaintiff's insurance policy clearly states the Third-Party Defendant has no duty to defend lawsuits for bodily injury and property damage not covered by this policy. No coverage is afforded under any section of this policy if the covered auto is being operated by a person who is without a valid driver's license. [Mr. Cly] was operating his vehicle at the time of the accident without a valid driver's license and is therefore not entitled to coverage under the policy or a duty to defend.
 {¶ 11} In Sharonville v. Am. Employers Ins. Co., 109 Ohio St.3d 186,2006-Ohio-2180, at ¶ 6, the Ohio Supreme Court noted:
 An insurance policy is a contract whose interpretation is a matter of law. * * * Contract terms are to be given their plain and ordinary meaning. * * * If provisions are susceptible of more than one interpretation, they "will be construed strictly against the insurer and liberally in favor of the insured." * * * Additionally, "an exclusion in an insurance policy will be interpreted as applying only to that which is clearly intended to be excluded." * * *
(Emphasis sic; citations omitted.)
 {¶ 12} The policy at issue in this case provides for liability coverage to the insured "for bodily injury or property damage for which you become legally responsible because of an auto accident." Further, the policy states in part: *Page 5 
 * * * We will pay for the cost of investigating the auto accident and arranging for the settlement of any claim against you. We will also defend you, hire and pay a lawyer and pay all defense costs if someone sues you for damages because of an auto accident even if the accusations are not true. However, we have no duty to defend lawsuits for bodily injury and property damage not covered by this policy. * * *
 {¶ 13} The policy also contains certain exclusions from coverage, including the following provision:
 No coverage is afforded under any section of this policy if the covered auto is being operated by a person who is not a qualified, licensed driver, or is without a valid driver license, or whose driver license is expired, revoked or suspended, or is in violation of any condition of their driving privileges, or is without privileges to drive for any reason.
 {¶ 14} While we recognize the general proposition that an insurer's duty to defend is broader than its duty to indemnify, Ohio courts have also held that, "even where an insurer has agreed to defend the insured against groundless, false, or fraudulent claims, the insurer does not have a duty to defend against claims that are clearly outside the scope of coverage under the insurance contract." Karder Machine Co. v. LibertyMut. Ins. Co. (Nov. 7, 1990), Summit App. No. C.A. 14486, citingWedge Products, Inc. v. Hartford Equity Sales Co. (1987),31 Ohio St.3d 65, 68.
 {¶ 15} In the present case, the policy at issue states that Safe Auto has no duty to defend against lawsuits for bodily injury and property damage "not covered by this policy." Further, the policy contains an exclusion specifically providing that "no coverage is afforded" if the covered auto is operated by a person without a valid driver's license. As noted, it is undisputed appellant did not have a valid driver's license at the time of the accident. Here, the exclusion language is unambiguous and, under the facts alleged, the *Page 6 
claim by Westfield in the underlying action against appellant is not one to which liability coverage applies. Accordingly, we agree with the trial court's determination that State Auto had no duty to defend, and, therefore, was entitled to summary judgment in its favor. See KarderMachine; Westfield Ins. Co., supra, at ¶ 15 ("a duty to defend does not attach where the conduct alleged is indisputably outside the scope of coverage").
 {¶ 16} Based upon the foregoing, appellant's single assignment of error is without merit and is overruled, and the judgment of the Franklin County Municipal Court is hereby affirmed.
Judgment affirmed.
 FRENCH and McGRATH, JJ., concur. *Page 1