OPINION
{¶ 1} Wausau Insurance Companies ("Wausau") appeals from the judgment of the Ashtabula County Common Pleas Court, which denied its motion for summary judgment on appellees' declaratory judgment action and denied its cross motion for summary on its counterclaim for declaratory judgment and dismissed Wusau;'s counterclaim for declaratory judgment. Affirm.
 {¶ 2} Appellee, Joann Bartlett ("Bartlett") was employed by the Conneaut Area City School District. Bartlett was injured in a automobile accident and at the time of the accident, the school district had in effect a business automobile insurance policy issued by Wausau, which provided uninsured/underinsured motorists coverage ("UM/UIM"). Bartlett was not acting in the course and scope of her employment at the time of the accident. Appellees sought a declaration that they were entitled to coverage under the UM/UIM portions of that policy.
 {¶ 3} Wausau filed an answer and counterclaim. Wausau's counterclaim sought a declaration that appellees were not entitled to coverage under the UM/UIM portions of the policy.
 {¶ 4} The parties filed cross-motions for summary judgment. The trial court, applying Scott-Pontzer v. Liberty Mutual FireIns. Co., 85 Ohio St.3d 660, 1999 Ohio 292, found appellees were insureds under the policy and thus, granted appellees' motion for summary judgment and denied Wausau's motion for summary judgment.
 {¶ 5} Subsequently, the trial court placed the case on inactive status pending a ruling from the Ohio Supreme Court on certain matters that would affect the case. Wausau later moved to lift the stay and asked the trial court to reconsider its ruling on Wausau's motion for summary judgment, based on the Ohio Supreme Court's ruling in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. Appellees then voluntarily dismissed their complaint. The trial court held that Wausau's counterclaim did not present a justiciable issue under R.C. 2721 et seq., and dismissed it. Wausau filed a timely notice of appeals raising two assignment of error:
 {¶ 6} "[1] The trial court erred in applying Scott-Pontzerv. Liberty Mutual [sic] Ins. Co. (1999), 85 Ohio St.3d 660, to a school district business insurance policy finding coverage for an employee outside the course and scope of employment at the time of the accident and is subject to reversal pursuant toWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849."[1]
 {¶ 7} "[2.] The trial court erred in overruling appellant's motion for reconsideration and dismissing appellant's counterclaim without prejudice since the trial court felt there was no justiciable controversy."
 {¶ 8} Because Wausau's second assignment of error is dispositive of this appeal, we address it first.
 {¶ 9} "In order for a party to seek a declaratory determination under R.C. 2721.03 or 2721.05, there must be an actual controversy, the resolution of which will confer certain rights or status upon the litigants." Corron v. Corron (1988),40 Ohio St.3d 75, 79. Here, appellees dismissed their claim for declaratory judgment after the Ohio Supreme Court eviscerated that claim in Galatis. Thus, they no longer seek coverage under the policy, and any decision by the trial court or this court on Wausau's counterclaim would be advisory. See, generally, IndianaIns. Co. v. Fox, 2nd Dist. No. 20638, 2005-Ohio-1040.
 {¶ 10} Wausau's second assignment of error is without merit.
 {¶ 11} Our decision on Wausau's second assignment of error renders its first assignment of error moot.
 {¶ 12} For the foregoing reasons, the judgment of the Ashtabula County Common Pleas Court is affirmed.
O'Neill, J., O'Toole, J., concur.
[1] Appellees have not filed a brief.