OPINION
{¶ 1} Appellant, Travelers Indemnity Company of Illinois ("Travelers"), appeals the judgment entered by the Ashtabula County Court of Common Pleas. The trial court dismissed Travelers' counterclaim for declaratory judgment, following appellee's, Jason Floss's ("Floss"), notice of dismissal of his complaint.
 {¶ 2} On February 23, 2001, Floss sustained injuries while riding in a vehicle driven by Jonathan Culver. At the time of the accident, Floss was employed at Worthington Industries. The complaint does not allege that Floss was acting within the scope and course of his employment at the time of the accident, and Travelers contends that Floss was not acting in the course and scope of his employment at the time of the accident. Worthington Industries had a commercial automobile insurance policy and a commercial general liability insurance policy with Travelers.
 {¶ 3} Travelers filed an answer to the complaint. Also, Travelers filed a counterclaim, seeking a declaratory judgment that Floss was not entitled to insurance coverage from Travelers under the policies issued to Worthington Industries. Thereafter, Travelers filed a motion for summary judgment.
 {¶ 4} On November 5, 2003, the Supreme Court of Ohio issued its decision in Westfield Ins. Co. v. Galatis.[1] On November 21, 2003, Floss filed a notice of voluntary dismissal, without prejudice, pursuant to Civ.R. 41(A).
 {¶ 5} In February 2004, the trial court issued a judgment entry overruling Travelers' motion for summary judgment as moot. In addition, the entry provided "[w]hen [Floss] dismissed the Complaint against the Defendant, the basis for a declaratory judgment action no longer existed." Although the trial court's judgment entry does not expressly state that Travelers' counterclaim for declaratory judgment was dismissed, the entry effectively dismissed the counterclaim.
 {¶ 6} Travelers raises five assignments of error. Its first assignment of error is:
 {¶ 7} "Because a justiciable controversy still exists between Travelers and Jason Floss, the trial court erred by dismissing Travelers' counterclaim for declaratory judgment against Jason Floss without issuing a declaratory judgment."
 {¶ 8} A trial court's decision regarding a declaratory judgment action will not be reversed absent an abuse of discretion.[2] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[3]
 {¶ 9} "To be successful in an action for declaratory relief, a party must establish `(1) a real controversy between the parties, (2) a justiciable controversy, and (3) a situation where speedy relief is necessary to preserve the rights of the parties.'"[4]
 {¶ 10} We will focus on whether there was a justiciable controversy, since this was the basis of the trial court's dismissal of Travelers' counterclaim. This court has recently addressed this very issue.[5] In Bartlett v. NationwideMut. Ins. Co., we held that an insurance company's counterclaim did not present a justiciable controversy at the trial court level after the plaintiffs voluntarily dismissed theirScott-Pontzer complaint in light of the Supreme Court of Ohio's holding in Westfield Ins. Co. v. Galatis.[6]
 {¶ 11} We note the Sixth Appellate District has reached a similar conclusion on this issue.[7] In Reinbolt,
following the Westfield Ins. Co. v. Galatis decision, the plaintiffs dismissed a Scott-Pontzer based complaint without prejudice, and the trial court dismissed the defendants-insurance companies' counterclaim for declaratory judgment as moot.[8] The Sixth District affirmed the lower court's judgment, holding that there was no longer a justiciable controversy when the plaintiffs dismissed the underlying lawsuit.[9]
 {¶ 12} Travelers' first assignment of error is without merit.
 {¶ 13} Travelers' remaining assignments of error are:
 {¶ 14} "[2.] The trial court erred by failing to enter declaratory judgment that Jason Floss is not entitled to coverage under either Travelers policy because he is not an insured, pursuant to Westfield Ins. Co. v. Galatis.[10]
 {¶ 15} "[3.] Alternatively, the trial court erred by failing to recognize that the CGL policy is not an automobile policy subject to Ohio R.C. 3937.18.
 {¶ 16} "[4.] Alternatively, the trial court erred by failing to recognize that Worthington is `self-insured in the practical sense' under the CGL policy, and thus not subject to the R.C.3937.18 offering requirements.
 {¶ 17} "[5.] Alternatively, the trial court erred by failing to recognize that Worthington validly rejected all Ohio UM/UIM coverage."
 {¶ 18} In light of our analysis of Travelers' first assignment of error, these assignments of error are moot.[11]
 {¶ 19} The judgment of the trial court is affirmed.
Rice, J., O'Toole, J., concur.
[1] Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849.
[2] Portage Cty. Bd. of Commrs. v. Akron,156 Ohio App.3d 657, 2004-Ohio-1665, at ¶ 212, citing Bilyeu v. Motorists Mut.Ins. Co. (1973), 36 Ohio St.2d 35, syllabus.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[4] Portage Cty. Bd. of Commrs. v. Akron, 2004-Ohio-1665, at ¶ 211, quoting Haig v. Ohio State Bd. of Edn. (1992),62 Ohio St.3d 507, 511.
[5] Bartlett v. Nationwide Mut. Ins. Co., 11th Dist. No. 2004-A-0015, 2005-Ohio-6579.
[6] Id. at ¶ 9. See, also, Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660 and Westfield Ins. Co. v.Galatis, supra.
[7] Reinbolt v. Natl. Fire Ins. Co. of Hartford,158 Ohio App.3d 453, 2004-Ohio-4845.
[8] Id. at ¶ 5-9.
[9] Id. at ¶ 17.
[10] Westfield Ins. Co. v. Galatis, supra.
[11] App.R. 12(A)(1)(c).