IN RE MILLER.

(No. 84AP-588—Decided
November 20, 1984.)

*E. Geoffrey Clapham,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Laurel D. Blum,* for appellee.

McCORMAC, P.J. Thomas T. Miller, appellant, a licensed psychologist in the state of Ohio, was given a notice by the Ohio State Board of Psychology ("board"), appellee, that it intended to determine whether to issue a reprimand or suspend or revoke his license to practice psychology because of his violation of a rule prohibiting the use of "Dr." or "Ph.D." in reference to a degree earned from an unaccredited university. After the matter was heard before a hearing examiner, at which time it was determined that appellant was professionally using the titles "Dr." and "Ph.D." based upon a degree awarded to him from an unaccredited university, the board reprimanded him for negligence in the practice of psychology and for violating rules of professional conduct and ordered him to cease using the titles "Dr." or "Ph.D."

Appellant appealed the board's order to the Court of Common Pleas of Franklin County which affirmed, finding that the board's order was supported by reliable, probative and substantial evidence and was in accordance with law.

Miller has appealed to this court, setting forth the following assignments of error:

"The decision of the Court of Common Pleas of Franklin County is contrary to law and against the manifest weight of the evidence:

"(A) In finding that the Order of the Board of Psychology is supported by reliable, probative and substantial evidence.

"(B) In concluding that Appellant's constitutional guarantees of due process and equal protection were not violated.

"(C) In concluding that the Order of the Board of Psychology is in accordance with law."

Appellant first argues that the board was without the power and authority to order appellant to cease using the titles of "Dr." and "Ph.D."

R.C. 4732.17 provides that the board may "* * * issue a reprimand or suspend or revoke the license of any licensed psychologist * * *" on any one of certain specified grounds.

There is no specific provision granting the board authority to issue injunctions or to order a licensed psychologist to cease doing something which the board finds to be prohibited in the practice of psychology. Obviously, if a licensed psychologist fails to cease doing something which has been found to be prohibited by the board and for which the psychologist has been reprimanded, another charge may be brought and revocation or suspension may be imposed against a psychologist who refuses to get the message after being reprimanded.

An administrative agency can exercise only such jurisdiction and powers as are conferred upon it by the statute which created it. It possesses no other power or authority. *Cincinnati* v. *Pub. Util. Comm.* (1917), 96 Ohio St. 270. While it has been held that the power to revoke a license includes the power to suspend a license (*Dworkin* v. *Pub. Util. Comm.* [1953], 159 Ohio St. 174 [50 O.O. 144]), that authority does not support imposition of an entirely different pro-

hibition, such as injunction. Injunction is not a lesser penalty of the same nature as revocation, suspension, or reprimand. We reject appellee's argument that revoking or suspending appellant's license would have been a harsher penalty and that, therefore, the board, without statutory authority, is impliedly powered to formulate its own lesser penalty. The board has no authority to issue injunctions in lieu of or in addition to a reprimand, or suspension or revocation of a license. As stated previously, if a psychologist continues prohibited conduct after having been reprimanded, that may be taken into account and the next penalty may be one which is much more severe as long as it is within the express jurisdiction of the agency.

Appellant's third assignment of error is sustained to the extent that the part of the board's order which enjoined appellant from using the title "Dr." or "Ph.D." is deleted as contrary to law.

Appellant was graduated from Eastern Kentucky University with a master's degree in Clinical Psychology in 1970. In 1973, he was granted a license to practice psychology by the board, pursuant to R.C. 4732.15(B)(2), which permitted the licensure of a person possessing a master's degree in psychology from an accredited educational institution who had engaged in psychological work for at least four years prior to the date of application. Although there are other ways to obtain licensure, there is but one class of licensed psychologists.

On December 11, 1977, Miller was granted the degree of Ph.D. in Clinical Psychology by Clayton University, an unaccredited institution. After that time, appellant used the titles "Dr." and "Ph.D." in conjunction with his practice. In a letter from the board dated April 30, 1981, appellant was advised that he would be in violation of a board rule if he continued to use the title of "Dr." or "Ph.D." in the description of professional credentials because the degree was received at an unaccredited university.

Appellant was charged with violating R.C. 4732.17(E) and (G), which are pertinent and provide as follows:

"The state board of psychology * * * may issue a reprimand, or suspend or revoke the license of any licensed psychologist * * * on any of the following grounds:

"* * *

"(E) Being negligent in the practice of psychology or school psychology;

"* * *

"(G) Violating any rule of professional conduct promulgated by the board; * * *"

The board had promulgated Ohio Adm. Code 4732-17-01(A)(1)(a), effective September 1, 1981, and Ohio Adm. Code 4732-17-01(C)(1)(a), effective prior to September 1, 1981.

Ohio Adm. Code 4732-17-01(C)(1)(a), effective May 17, 1976, provided as follows:

"(C) Negligence.

"(1) Misrepresentation. A psychologist or school psychologist shall not misrepresent his own professional qualifications, affiliations, and purposes, nor those of the institutions and organizations with which he is associated. The following is a list of misrepresentations; however, said list is not all-inclusive;

"(a) A psychologist or school psychologist does not claim either directly or by implication professional qualifications that differ from his actual qualifications, * * *."

Effective September 1, 1981, Ohio Adm. Code 4732-17-01(A)(1)(a) was revised to provide in pertinent part:

"(A) Negligence.

"(1) Misrepresentation. * * *

"(a) A psychologist or school psychologist shall not claim either directly or by implication professional qualifications that differ from his actual qualifications, *including use of a degree or ti-*

*tle which is not relevant to his psychological training or which is issued by an educational institution not meeting accreditation standards. \* \* \*"* (Emphasis added.)

The board added the emphasized language with the intent to clarify its interpretation that a claim of professional qualifications, as a result of a degree or title received from an unaccredited institution or one not relevant to psychological training, constituted misrepresentation. The board had previously adopted Ohio Adm. Code 4732-3-01, effective January 30, 1977, concerning the accreditation of educational institutions.

The board found that appellant was using the title "Dr." and "Ph.D." in conjunction with his degree from an unaccredited university and that he thus had been proved to have been guilty of negligence in the practice of psychology and of violating rules of professional conduct prohibited by R.C. 4732.17(E) and (G).

It was proper for the board to promulgate a rule prohibiting the professional use of degrees which either have no relevance to the person's practice of psychology or have been awarded by unaccredited universities where there is no assurance that the degree or title represents the quality of advance training that the degree would otherwise indicate. The board's rule is ineptly worded since it refers to negligence and then describes misrepresentation of credentials as being negligence in the practice of psychology. However, the rule is properly predicated upon R.C. 4732.17(G), violation of professional rules of conduct. The board also found appellant guilty of violation of professional rules of conduct.

The court's finding that appellant was negligent in the practice of psychology is ordered deleted as there was no proof of appellant's negligence in the practice of psychology. However,

there was proof of violation of a rule of professional conduct that has a rational basis, being designed to protect the consumer of psychological services from being led to believe that the person treating him has a recognized and accredited doctorate degree rather than one which is suspect and not recognized by the board or recognized by accrediting agencies.

Appellant argues that he was deprived of due process because the board's rule constituted an arbitrary and unreasonable exercise of police power. He argues that, since he has practiced psychology properly for many years, there is no protection to the public in restricting his listing of the doctorate degree and that the potential damage to him in terms of his livelihood and professional regard outweighs any nebulous gain to the public.

Appellant recognizes by his argument that there is a professional advantage in representing himself as possessing a Ph.D. degree. Apparently, potential customers of psychological services will seek his services over those of psychologists possessing less than a doctorate degree on the basis that a psychologist with a doctorate degree probably has better professional training. The rational basis for the board's rule is the protection of the public. The board has licensed psychologists who possess only master's degrees as well as psychologists who possess doctorate degrees. While there is only one class of license, the range of professional training and experience and the abilities of psychologists may vary substantially. Consumers should not be led to believe that a person from whom they are receiving treatment possesses a doctorate degree in psychology from an accredited institution if that is not the case. Hence, application of the board rule to appellant does not constitute a violation of his due process rights.

Appellant also argues that the ap-

plication of the board rule to him was retroactive in violation of Section 28, Article II of the Ohio Constitution and of the Fourteenth Amendment to the United States Constitution.

Appellant was granted a license to practice psychology and he received his unaccredited Ph.D. prior to the adoption of the board rule in question. However, appellant's license to practice psychology was not based upon his receiving the Ph.D. degree. It was based upon receiving a master's degree from an accredited university together with the proscribed length of time in practice. Restricting appellant from using the title "Dr." and "Ph.D." does not affect his license to practice psychology. Appellant without board authority used the title "Dr." and "Ph.D." in reference to a degree from an unaccredited university. The board in its wisdom determined that the consumer of psychological services may be misled by a person's listing degrees from unaccredited universities, some of which may be based upon little more than paper credentials. There is no vested right to mislead a consumer of professional services. Thus, the rule may be applied to stop activity not previously prohibited, which does not vitally affect use of the previously granted license.

Appellant's second and third assignments of error are overruled except that it is ordered that the finding of misconduct be based solely upon a violation of R.C. 4732.17(G) and that the finding of negligence in the practice of psychology be deleted.

Appellant's assignments of error are overruled except that the part of the board's order referring to a violation of R.C. 4732.17(E), negligence in the practice of psychology, and the part of the order referring to an injunction against future use of the titles "Dr." and "Ph.D." are ordered deleted. The board's order reprimanding appellant and finding him guilty of violation of a professional rule of conduct in violation of R.C. 4732.17(G) is affirmed as being in accordance with law and based upon reliable, substantial, and probative evidence.

The judgment of the trial court is partly affirmed and partly reversed. The cause is remanded to the trial court for further procedure consistent with this opinion.

*Judgment affirmed in part, reversed in part, and cause remanded.*

REILLY and MOYER, JJ., concur.