OPINION
{¶ 1} Appellant-appellant, Jack Matia Chevrolet, Inc. ("Matia"), appeals from a judgment of the Franklin County Court of Common Pleas that affirmed the decision of the Motor Vehicle Dealers Board ("Board") dismissing Matia's protest against General Motors Corporation ("GM"). For the following reasons, we affirm.
 {¶ 2} On April 22, 2003, GM issued to Halleen Chevrolet, Inc. ("Halleen") a notice that it planned to relocate a Chevrolet dealership operated by Joe Firment, Inc. ("Firment") from Lorain, Ohio to Avon Lake, Ohio. GM provided this notice to Halleen in compliance with R.C.4517.50(A), which requires a franchisor who intends to relocate a dealership to disclose its relocation plans to any dealers of the same line-make of vehicle that are located within a ten-mile radius of the relocation site. Specifically, R.C. 4517.50(A) provides that:
 Except as provided in division (C) of this section, when a franchisor seeks to * * * relocate an existing new motor vehicle dealer at a location in a relevant market area where the same line-make of motor vehicle is then represented, the franchisor shall first give notice in writing, by certified mail, to the motor vehicle dealers board and to each franchisee of such line-make in the relevant market area of the franchisor's intention to * * * relocate an existing new motor vehicle dealer at a location in that relevant market area. * * * Within fifteen days after receiving the notice, or within fifteen days after the conclusion of any appeal procedure provided by the franchisor, whichever is later, the franchisee of the same line-make may file with the board a protest against the * * * relocation of the proposed new motor vehicle dealer. When such a protest has been filed, the board shall inform the franchisor that a timely protest has been filed and that a hearing is required pursuant to section 4517.57
of the Revised Code. * * *
 {¶ 3} Contending that GM did not have good cause to relocate the Firment dealership, Halleen filed a protest with the Board within the statutory time period. Over two months later, Matia, which operates a Chevrolet dealership in Avon Lake, also filed a protest of the Firment relocation. In its protest, Matia acknowledged that GM had not provided it notice of the Firment relocation. Nonetheless, Matia contended that the Board had jurisdiction over its protest because GM intended, in actuality, to relocate to the same site two different dealerships — the Firment Lorain dealership and a second dealership named Firment Lupe Chevrolet. Although an exception to R.C. 4517.50(A) exempted GM from notifying Matia of the relocation of the Lorain dealership, a relocation of the Lupe dealership would trigger the notification requirement.[1] Therefore, Matia maintained that GM should have provided it a notice of relocation and that that fact invested the Board with jurisdiction over Matia's protest.
 {¶ 4} The Board accepted Matia's protest and consolidated it with Halleen's protest. GM, however, filed a motion to dismiss Matia's protest for lack of jurisdiction. In response, Matia posited that the Board's jurisdiction did not turn upon whether GM actually provided it with a notice of relocation, but rather, it turned upon whether GMshould have provided it with such a notice. Thus, Matia contended, if the Board reviewed the evidence and concluded that GM intended to relocate Lupe, then GM should have given Matia notice and the Board had jurisdiction.
 {¶ 5} In his July 23, 2003 report and recommendation, the hearing examiner accepted Matia's construction of R.C. 4517.50(A) and held that the Board had jurisdiction over protests filed in the absence of a notice if the protesting dealer could prove that the franchisor intended to relocate. However, the hearing examiner found that the evidence Matia adduced did not prove its contention that GM intended to relocate Lupe Chevrolet, and thus, he recommended dismissal of Matia's protest for lack of jurisdiction. The Board's failure to act on the hearing examiner's decision within 30 days of its receipt resulted in the decision's approval. R.C. 4517.58.
 {¶ 6} Matia then filed an R.C. 119.12 appeal in the trial court and argued that the Board erred in dismissing its protest without first holding an evidentiary hearing to consider whether GM intended to relocate Lupe Chevrolet. In addressing Matia's argument, the trial court ignored the preliminary question of whether the jurisdictional analysis required such a consideration in the first place. After simply accepting the Board's conclusion that it could exercise jurisdiction even in the absence of a notice of relocation, the trial court found that a hearing was necessary for the hearing examiner to determine witness credibility. Consequently, the trial court reversed the Board's decision and remanded the case for a hearing.
 {¶ 7} On remand, the hearing examiner conducted a full evidentiary hearing. The hearing, however, did not alter the outcome, as the hearing examiner again recommended dismissal of Matia's protest for lack of jurisdiction. In his July 20, 2005 report and recommendation, the hearing examiner recognized that R.C. 4517.50(A) contemplates that a protest of a relocation can only occur after a franchisor provides notice. Nevertheless, the hearing examiner concluded that the Board could exert jurisdiction over a protest filed without a notice if "it is clear that there was an effort by the motor vehicle manufacturer to attempt to defeat the statute by failing to comply with the notice requirement." (Report and Recommendation at 7.) Because the hearing examiner found that GM was not actually planning to relocate Lupe Chevrolet, he held that this case did not warrant the Board taking the "extraordinary measure" of asserting jurisdiction in the absence of a notice. The Board declined to act on the hearing examiner's report and recommendation, resulting in its approval.
 {¶ 8} For a second time, Matia appealed to the trial court. This time, however, the trial court affirmed the Board's decision. Again accepting the hearing examiner's jurisdictional analysis without question, the trial court concluded that reliable, probative, and substantial evidence supported the Board's finding that GM did not plan to relocate Lupe Chevrolet.
 {¶ 9} Matia now appeals from the trial court's judgment, and assigns the following errors:
 1 The Trial Court abused its discretion in finding that the Hearing Examiner and the Dealer Board did not impose a higher evidentiary standard upon Appellant than required by law and did not shift the burden of proof to Appellant.
 2 The Trial Court abused its discretion in finding that the decision of the Dealer Board was supported by reliable, probative, and substantial evidence.
 3 The Trial Court abused its discretion in finding that the Hearing Examiner properly determined that there never was jurisdiction to hear Matia's appeal.
 4 The Trial Court abused its discretion in failing to address Appellant's arguments against the Hearing Examiner's finding that the protest was moot.
 5 The Trial Court abused its discretion in not requiring the Dealership Board to produce certain GM witnesses live.
 6 The Trial Court abused its discretion in not remanding the matter to the Dealer Board for further proceedings in that due to a permanent vacancy on the Board, only two of three Board members reviewed Matia's objections.
 7. The Trial Court abused its discretion in not liberally construing Chapter 4517 in favor of Matia.
 {¶ 10} By its first assignment of error, Matia argues that the Board erred in imposing upon Matia the burden to overcome the lack of notice by clearly establishing that GM was planning to relocate the Lupe dealership. Although we agree, the Board's error does not invalidate the Board's ultimate conclusion that it lacked jurisdiction over Matia's protest.
 {¶ 11} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether it "is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12. Although the trial court must defer somewhat to the agency's findings of fact, it must construe the law on its own. OhioHistorical Soc. v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 466,471 ("To the extent that an agency's decision is based on construction of the state or federal Constitution, a statute, or case law, the common pleas court must undertake its R.C. 119.12 reviewing task completely independently."). Likewise, this court's review of whether the agency's order is "in accordance with law" is plenary. Kistler v. Ohio Bur. ofWorkers' Comp., Franklin App. No. 04AP-1095, 2006-Ohio-3308, at ¶ 9;Gralewski v. Ohio Bur. of Workers' Comp., 167 Ohio App.3d 468,2006-Ohio-1529, at ¶ 17.
 {¶ 12} Here, Matia does not dispute that it bears the burden of establishing jurisdiction, but it contends that the Board assigned it a higher burden than the law requires. Consequently, we must determine the parameters of the Board's jurisdiction, as Matia's burden is restricted to proving that its protest fits within those parameters.
 {¶ 13} An administrative agency can exercise only such jurisdiction that statute confers upon it. Time Warner AxS v. Pub. Util. Comm.
(1996), 75 Ohio St.3d 229, 234; In re Miller (1984), 20 Ohio App.3d 346,347. In other words, an administrative agency has no authority beyond its statutorily delimited powers and may only exercise those powers the General Assembly expressly grants to it. Shell v. Ohio Veterinary Med.Licensing Bd., 105 Ohio St.3d 420, 2005-Ohio-2423, at ¶ 32; State exrel. Lucas Cty. Bd. of Commrs. v. Ohio Environmental ProtectionAgency (2000), 88 Ohio St.3d 166, 171. See, also, Johnson's Markets,Inc. v. New Carlisle Dept. of Health (1991), 58 Ohio St.3d 28, 36
("[A]ll powers of governmental agencies are legislatively granted, and such agencies have only such regulatory authority as is granted, and the acts of such agency may not exceed such authority * * *."). Therefore, we must examine the relevant statutes to determine the extent of the Board's jurisdiction over protests against relocation.
 {¶ 14} R.C. 4517.57(A) authorizes the Board to hold a hearing to determine whether good cause exists for the relocation of a dealership "[u]pon receiving a notice of protest pursuant to section 4517.50 * * * of the Revised Code." According to R.C. 4517.50(A), a dealership can file a protest before the Board in only two instances: (1) within 15 days after receiving the notice of relocation from the franchisor, or (2) within 15 days of the conclusion of any appeal procedures the franchisor provides to the dealership. Consequently, the Board's jurisdiction over relocation disputes is limited to resolving protests filed through one of the two statutorily prescribed methods, and a protesting dealer can establish jurisdiction by proving that it satisfied one of the two methods.
 {¶ 15} Here, in contravention of the statutory boundaries of its authority, the Board concluded that it could also resolve relocation disputes if they arose in a third way, i.e., through a protest filed in the absence of a notice, as long as the protesting dealer could clearly prove that the franchisor should have sent a notice of relocation. The Board then imposed a burden upon Matia to prove jurisdiction through this third way. No statute authorizes the Board to so extend its jurisdiction or imposes such a burden upon a protesting dealer. Accordingly, we conclude that the Board placed an incorrect burden upon Matia, and to the extent that Matia so argues, we sustain its assignment of error.
 {¶ 16} In so holding, we recognize the Board's concern that relying upon a franchisor to initiate the protest process is "inappropriate." We can envision circumstances in which a franchisor subverts a dealer's ability to protest by failing to send a notice of relocation. Nevertheless, R.C. 4517.57(A) only authorizes the Board to hold hearings on protests filed in compliance with R.C. 4517.50, and as a creature of statute, the Board is constrained to follow the statutorily mandated process. The General Assembly, not the Board, must create any exception to the existing process.[2]
 {¶ 17} Normally, a sustained assignment of error results in a reversal of the trial court's judgment. However, in this case, it does not. As we found above, the Board has jurisdiction over protests filed in one of the two ways R.C. 4517.50 prescribes. Matia, however, acknowledges that it did not file its protest in either of those ways. Accordingly, the Board properly concluded that it did not have jurisdiction over Matia's protest.
 {¶ 18} Our resolution of Matia's first assignment of error moots all but one of the other assignments of error. Only the sixth assignment of error remains viable. By that assignment of error, Matia argues that a vacancy on the Board denied it due process of law. We disagree.
 {¶ 19} Primarily, we note that Matia did not assert this argument before the Board. Having failed to raise the argument at the first available opportunity, Matia waived it. ETB Corp. v. Ohio Liquor ControlComm., Franklin App. No. 02AP-738, 2003-Ohio-589, at ¶ 22.
 {¶ 20} In any event, the argument does not succeed on its merits. R.C.4517.30 mandates that the Board consist of 11 members, three of whom "shall represent the public and shall not have engaged in the business of selling motor vehicles at retail in this state." R.C. 4517.30(A). Only these "public members" of the board (and the hearing examiner) may "participate in, deliberate on, hear, consider, or decide any matter filed pursuant to" R.C. 4517.50. R.C. 4517.57(D). The public members can only "act" by majority vote. R.C. 4517.57(D). If the public members fail to "act" within 30 days of receiving a hearing examiner's report and recommendation, the report and recommendation "shall be considered approved." R.C. 4517.58.
 {¶ 21} Because "[n]either R.C. 4517.57 [n]or 4517.58 requires all three public members to vote on a recommendation," the review process set out in those sections is not adversely impacted by the absence of one of the three public members. Bob Daniels Buick Co. v. Gen. MotorsCorp. (Oct. 13, 1998), Franklin App. No. 97APE12-1701. Necessarily, then, the vacancy Matia complains of is not depriving him of any procedure he would otherwise receive. Therefore, we overrule Matia's sixth assignment of error.
 {¶ 22} For the foregoing reasons, we sustain Matia's first assignment of error, overrule Matia's sixth assignment of error, and overrule as moot Matia's second, third, fourth, fifth, and seventh assignments of error. Further, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
SADLER, P.J., and BROWN, J., concurs.
[1] According to R.C. 4517.50(C)(3), the notification requirement contained in division (A) does not apply when the relocating dealership plans to move further from another dealer of the same line-make of vehicle, even if the relocation site is within ten miles of the other dealer. Because GM proposed to relocate the Lorain dealership further from Matia, it avoided the notification requirement as to that relocation. However, if GM relocated Lupe to the same relocation site, it would have to notify Matia because Lupe would be moving closer to Matia.
[2] In the meantime, a dealer who believes that it is entitled to a notice of relocation but does not receive such a notice may resort to filing an injunctive and/or declaratory relief action against the recalcitrant franchisor in order to force the franchisor to provide a notice.