REINBOLT et al.

v.

NATIONAL FIRE INSURANCE COMPANY OF HARTFORD et al.,
Appellees;  Northfield Insurance Company et al., Appellants.

[Cite as *Reinbolt v. Natl. Fire Ins. Co. of Hartford,*
158 Ohio App.3d 453, 2004-Ohio-4845.]

Court of Appeals of Ohio,
Sixth District, Fulton County.

No. F–03–030.

Decided Aug. 27, 2004.

454

Todd M. Raskin and Jeffrey T. Kay, for appellants.

Timothy J. Fitzgerald and Richard C.O. Rezie, for appellees.

PIETRYKOWSKI, Judge.

{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas, which dismissed a counterclaim for declaratory judgment filed by appellants, Northfield Insurance Company and Ohio County Risk Sharing Authority. Also pending before the court is a motion to dismiss the appeal filed by appellees, National Fire Insurance Company of Hartford, Transportation Insurance Company, and CNA Health Pro. On appeal, appellants raise the following assignment of error:

{¶ 2} "Whether the trial court erred in dismissing third-party defendants-appellants' counterclaim for declaratory judgment as being moot upon plaintiffs' voluntary dismissal, without prejudice, of all claims."

{¶ 3} Despite the voluminous record in this case and the multiple actions that were filed in both Fulton and Henry Counties relating to the issues of insurance coverage for the accident underlying this case, the facts relevant to the issues that are now before us are relatively simple.

{¶ 4} On June 2, 1999, Justin Reinbolt was severely and permanently injured as a result of an automobile accident in which he was a passenger in a car driven by Michelle Gloor and owned by Michelle's mother, Diane Gloor. As a result of the accident, Justin and his parents filed a complaint in the lower court against, inter alia, National Fire Insurance Company of Hartford, Transportation Insurance Company, and CNA Health Pro, appellees herein, for underinsured motorist coverage benefits. Each of those insurance companies provided some form of insurance coverage to Fulton County Health Center, the employer of Justin's mother, Joyce Reinbolt. The Reinbolts sought underinsured motorist coverage benefits under the relevant policies of insurance pursuant to the Supreme Court of Ohio's holdings in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, and *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.* (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142. Thereafter, the court granted appellee National Fire Insurance Company of Hartford leave to file a third-party complaint against, inter alia, appellants herein, who, National Fire asserted, might owe coverage for the accident as insurers of Justin's father's employers. Accordingly, that coverage was also claimed pursuant to *Scott–Pontzer* and *Ezawa*. In that third-party complaint, National Fire sought a declaration from the court of the rights and coverages available under appellants' policies on a pro-rata basis with any coverage owed by National Fire. National Fire further asserted a claim for indemnification and contribution if it was found liable to the Reinbolts under its insurance policy.

{¶ 5} Appellants responded by filing an answer and a counterclaim for declaratory judgment. In their counterclaim, appellants sought a declaration that National Fire was not entitled to contribution or indemnification from appellants, because the Reinbolts do not qualify as insureds under appellants' policies of insurance issued to Justin Reinbolt's father's employers.

{¶ 6} On November 5, 2003, the Supreme Court of Ohio released its decision in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. *Galatis*, which limited *Scott–Pontzer* and overruled *Ezawa*, holds at paragraph two of the syllabus:

{¶ 7} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist

coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."

{¶ 8} It is undisputed that Justin Reinbolt's accident did not occur within the course and scope of his employment. Accordingly, the Reinbolts filed notices of voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1)(a), dismissing their claims against National Fire, Transportation Insurance Company and CNA Health Pro, specifically reserving the right to refile the action within one year. Thereafter, National Fire and Transportation Insurance Company filed a motion to dismiss appellants' declaratory judgment action and for judgment on the pleadings pursuant to Civ.R. 12(B) and (C). Appellees argued that given the Reinbolt's voluntary dismissal of their case, the declaratory judgment action was moot.

{¶ 9} On November 26, 2003, the lower court issued the following judgment entry: "Upon Plaintiff's Notices of Voluntary Dismissal * * * and upon further Motions by Defendants, and for good cause, all pending Claims and Cross–Claims of all parties herein are hereby dismissed, without prejudice, with all rights to reinstate and refile fully reserved, in the event there is a successful appeal or a successful reversal upon Motion for Reconsideration in the case of *Westfield Ins. Co. v. Galatis* * * *."

{¶ 10} Appellants have now appealed that judgment, asserting that the trial court erred in dismissing their counterclaim for declaratory judgment and that they were entitled to a ruling on the merits of their counterclaim. Appellants argue that because the Reinbolts' case was dismissed without prejudice, they could still refile the action and, therefore, a justiciable controversy still exists as to whether the policies of insurance issued by appellants provide coverage to the Reinbolts, thereby giving rise to contribution or indemnification obligations to appellee National Fire. In response, appellees have asserted that the court's dismissal without prejudice was not a final appealable order. In the alternative, appellees contend that the claims that appellants and appellees had against each other were rendered moot by the Reinbolts' voluntary dismissal and thus no justiciable claim for coverage or priority of coverage remains. Therefore, appellees assert that the trial court did not abuse its discretion in dismissing the claims. Appellees have also filed a motion to dismiss this appeal. In a decision and judgment entry of March 12, 2004, we determined that we would address that motion when we addressed the merits of the appeal.

{¶ 11} It is well settled that "a voluntary dismissal without prejudice normally is not a final, appealable order because it is not an adjudication on the merits and it leaves the parties as if the action never had been commenced." *Lovins v. Kroger Co.*, 150 Ohio App.3d 656, 2002-Ohio-6526, 782 N.E.2d 1171, at ¶ 6. In a typical civil action, a claim that is dismissed "without prejudice" may be

refiled at a later date. *Harrison v. Registrar, Bur. of Motor Vehicles*, 11th Dist. No. 2002–T–0095, 2003-Ohio-2546, 2003 WL 21142178, ¶ 18. Under exceptional circumstances, however, a dismissal without prejudice may be a final, appealable order. *Lovins*, supra, at ¶ 4–6. We find such exceptional circumstances to exist in this case. In the current case, the judgment from which appellants filed their notice of appeal was the trial court's order granting appellees' motion to dismiss appellants' declaratory judgment action and for judgment on the pleadings filed pursuant to Civ.R. 12(B) and (C). The dismissal of an action pursuant to Civ.R. 12(B) and (C) is clearly a final appealable order. The court, however, stated that the dismissal was "without prejudice." We find that that designation in a declaratory judgment action is a nullity. By dismissing the action pursuant to Civ.R. 12(B) and (C), the court necessarily held that in light of *Galatis* and the Reinbolts' voluntary dismissal of their case, both appellants and appellees had failed to state a claim for which relief could be granted. A designation of "without prejudice" presupposes that the party whose claim is being dismissed still has a valid claim. Appellants, through their appeal, wish to challenge the trial court's holding as they have a right to do. See R.C. 2505.02; *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 540 N.E.2d 266, paragraph two of the syllabus. Finding that the trial court's order was final and appealable, we deny appellees' motion to dismiss this appeal and proceed to a review of the merits.

{¶ 12} Appellants assert that the trial court erred in dismissing their counterclaim without issuing a declaratory judgment on the rights and obligations of appellants and appellees under the insurance contracts at issue. In *Indiana Ins. Co. v. M.D.O. Homes, Inc.* (Dec. 7, 2001), 11th Dist. No. 2000–L–167, 2001 WL 1561063, the Eleventh District Court of Appeals set forth the law applicable to the issue now before us:

{¶ 13} "Any person interested under a written contract, inter alia, may have the court determine any question of construction or validity arising under the contract and obtain a declaration of rights, status, or other legal relations under it. R.C. 2721.03. A declaratory judgment may be either affirmative or negative in form and effect. R.C. 2721.02(A); *McConnell v. Hunt Sports Enterprises* (1999), 132 Ohio App.3d 657 [725 N.E.2d 1193]. In order to maintain an action for declaratory judgment, a party must show that a real controversy exists between the parties, which is justiciable in character, and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 97 [63 O.O.2d 149, 296 N.E.2d 261]. A trial court may dismiss a complaint for declaratory relief only if no real controversy or justiciable issue exists, or if the declaratory judgment will not terminate the uncertainty or controversy. *Fioresi*

*v. State Farm Mut. Auto. Ins. Co.* (1985), 26 Ohio App.3d 203 [26 OBR 424, 499 N.E.2d 5], syllabus. Essentially, courts have the power to resolve present disputes and controversies, but do not have authority to issue advisory opinion[s] to prevent future disputes.

{¶ 14} "A real, justiciable controversy is a 'genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' *Wagner v. Cleveland* (1988), 62 Ohio App.3d 8, 13 [574 N.E.2d 533]. The controversy must be a real or actual controversy. See *Burger Brewing Co.*, supra. The resolution of that controversy must confer certain rights or status upon the litigants. *J.C. Penney Cas. Ins. Co. v. Professionals Ins. Co. of Ohio* (1990), 67 Ohio App.3d 167, 172 [586 N.E.2d 222]. An action will not lie to obtain a judgment which is merely advisory in nature or which answers a moot or abstract question. *Cincinnati Metro. Housing Auth. v. Cincinnati Dist. Council No. 51* (1969), 22 Ohio App.2d 39, 43 [51 O.O.2d 45, 257 N.E.2d 410]. A court will not indulge in advisory opinions. *Egan v. [Natl.] Distillers & Chem. Corp.* (1986), 25 Ohio St.3d 176 [25 OBR 243, 495 N.E.2d 904], syllabus.

{¶ 15} "A trial court's ruling on a complaint for declaratory judgment is reviewed under an abuse of discretion standard. See *Bilyeu v. Motorists Mut. Ins. Co.* (1973), 36 Ohio St.2d 35 [65 O.O.2d 179, 303 N.E.2d 871], syllabus. However, that discretion is predicated on the plaintiff's failure to state a claim upon which declaratory relief may be granted. A trial court must declare the rights of the parties when the complaint states a viable claim for relief. *Peat Marwick Main & Co. v. Elliott* (Jan. 10, 1991), Franklin App. No. 90AP–921, unreported [1991 WL 2180].

{¶ 16} "A trial court is not in a position to interpret a contract or define any rights arising from a contract in the absence of a specific present dispute. *Therapy Partners of Am., Inc. v. Richards Healthcare, Inc.* (Apr. 21, 1998), Franklin App. No. 97APE09–1257, unreported [1998 WL 195668]."

{¶ 17} In view of the applicable law, we must conclude that the trial court did not err in dismissing appellants' counterclaim without issuing a declaratory judgment. The Supreme Court of Ohio's decision in *Galatis* extinguished the Reinbolts' claims under all of the insurance contracts at issue. Accordingly, appellees had no claim for indemnification and/or contribution against appellants and, therefore, appellants had no counterclaim for declaratory judgment. That is, the counterclaim no longer stated a viable claim for relief and there was no decision that the trial court could reach that would confer on the parties actual rights.

{¶ 18} Appellants assert that because the Reinbolts could refile their claim in the future if *Galatis* is overturned, a lingering threat of future litigation still

exists. Appellants cite *Allstate Ins. Co. v. Long*, 11th Dist. Nos. 2001–P–0038 and 2001–P–0039, 2003-Ohio-61, 2003 WL 102612, in support. In that case, the trial court dismissed an insurance company's declaratory judgment action as moot after the injured party voluntarily dismissed the underlying tort action against the insured pursuant to Civ.R. 41(A)(1)(a). The appellate court, citing the Supreme Court of Ohio's holding in *Travelers Indemn. Co. v. Cochrane* (1951), 155 Ohio St. 305, 44 O.O. 302, 98 N.E.2d 840, held that a justiciable controversy still existed, even though there was no longer a pending action against the insured, because a lingering threat of future litigation still remained.

{¶ 19} In our view, *Long* differs from the case before us. In *Long*, the underlying tort action was not extinguished by a superseding decision of the Supreme Court of Ohio. In the current case, *Galatis* determined that the Reinbolts do not have a cause of action for underinsured motorist coverage and will not have such a claim in the future. Accordingly, no justiciable controversy remains regarding underinsured motorist coverage and the trial court did not err in dismissing appellants' complaint for declaratory judgment. The sole assignment of error is not well taken.

{¶ 20} On consideration whereof, the court finds that substantial justice has been done the parties complaining, and the judgment of the Fulton County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are ordered to pay the court costs of this appeal.

Judgment affirmed.

HANDWORK, P.J., and LANZINGER, J., concur.