OPINION
{¶ 1} Plaintiff-appellant Indiana Insurance Co. appeals from the dismissal of its complaint for declaratory judgment against defendant-appellee Cynthia Fox. Indiana Insurance contends that the trial court erred by finding that there is no justiciable controversy between the parties.
 {¶ 2} We conclude that the trial court acted within its discretion in determining that there is no justiciable controversy, as a result of the decision of the Ohio Supreme Court in Westfield Ins. Co. v. Galatis
(2003), 100 Ohio St.3d 216. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} In 1992, Fox was involved in a motor vehicle accident with an alleged uninsured/underinsured motorist, as a result of which she allegedly sustained injuries. At the time of the accident, Fox was allegedly employed by Wren Industries, Inc. It is undisputed, however, that at the time of the accident, Fox was not acting within the course and scope of her employment at Wren.
 {¶ 4} In 2003, Fox filed an action for declaratory judgment and for damages against Indiana Insurance, alleging that she was entitled to uninsured/underinsured motorist coverage under the Indiana Insurance policy issued to Wren. She based her claim upon Scott-Pontzer v. LibertyMut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, because the definition of "who is an insured" in the Indiana Insurance policy was identical to the definition construed in Scott-Pontzer.
 {¶ 5} On November 5, 2003, the Ohio Supreme Court decided WestfieldIns. Co. v. Galatis, supra, which overruled Scott-Pontzer, supra, holding that employee of a corporate named insured can only recover uninsured/underinsured motorist coverage under a corporate insurance policy having a Scott-Pontzer type definition of "who is an insured" if the employee is within the course and scope of employment at the time of the accident. Fifteen days after Galatis was decided, Fox voluntarily dismissed her complaint against Indiana Insurance, pursuant to Civ.R. 41(A)(1), without prejudice. In March, 2004, Indiana Insurance filed the complaint with which this appeal is concerned, against Fox, seeking a declaratory judgment determining that Fox has no uninsured/underinsured motorist coverage under the policy of insurance issued to Wren. Fox moved to dismiss this complaint. The trial court granted Fox's motion, and dismissed the complaint, concluding that, as a result of the Ohio Supreme Court's decision in Westfield Ins. Co. v. Galatis, there is no justiciable controversy. Indiana Insurance then moved for reconsideration, but the trial court overruled that motion.
 {¶ 6} From the trial court's order dismissing Indiana Insurance's complaint, Indiana Insurance appeals.
 II {¶ 7} Indiana Insurance's sole assignment of error is as follows:
 {¶ 8} "The trial court erred in dismissing indiana's complaint for declaratory judgment."
 {¶ 9} Indiana Insurance argues, correctly, that because Fox's dismissal of her complaint was without prejudice, she can still, theoretically, bring an action against Indiana Insurance in the future seeking uninsured/underinsured motorist coverage. However, in our view, the trial court correctly determined that the likelihood of a future action by Fox is negligible as a result of Westfield Ins. Co. v.Galatis, supra. As the trial court noted in its decision, "it would be frivolous for Defendant to refile her Scott-Pontzer claim for UM/UIM coverage today [.]"
 {¶ 10} Indiana Insurance argues that there is an actual controversy between the parties, notwithstanding Westfield Ins. Co. v. Galatis,supra, because Fox might argue that Westfield Ins. Co. v. Galatis should not be applied retroactively to bar her claim. In support of this argument, Indiana Insurance points to Cincinnati Co. v. Albers, Mercer App. No. 10-03-10, 2004-Ohio-806, discretionary appeal allowed by 2004 Ohio 3069. Footnote 1 in that court of appeals opinion is worth quoting in full:
 {¶ 11} "In their supplemental brief Appellants argued that Galatis
should not be retroactively applied. The Galatis court applied its holding to the parties before it, and since the issuance of that decision, the Supreme Court of Ohio has consistently reversed judgments, relying on its decision in Galatis. E.g., Burkhart v. CNA Ins. Co.,100 Ohio St.3d 359, 2003-Ohio-6604 (reversing without opinion on the authority of Galatis); Tucker v. Wilson, 100 Ohio St.3d 360, 2003-Ohio-6742
(same). It therefore follows that the Supreme Court intended that its holding in Galatis be applied to open cases still on direct review, such as the present action."
 {¶ 12} Indiana Insurance contends that by virtue of the discretionary appeal allowed by the Ohio Supreme Court from the judgment of the Third District Court of Appeals in Cincinnati Co. v. Albers, supra, there is a reasonable possibility that the Ohio Supreme Court might decide thatWestfield Ins. Co. v. Galatis should not have retrospective application. That possibility was extinguished when the Ohio Supreme Court rendered its decision affirming the Third District Court of Appeals, upon the authority of Kyle v. Buckeye Union Ins. Co., 103 Ohio St.3d 170,2004-Ohio-4885, 814 N.E.2d 1195. Cincinnati Co. v. Albers,103 Ohio St.3d 475, 816 N.E.2d 1072, 2004-Ohio-5702, decided November 10, 2004.
 {¶ 13} A trial court's ruling on a complaint for a declaratory judgment is reviewed under an abuse of discretion standard. Bilyeu v.Motorists Mutual Ins. Co. (1973), 36 Ohio St.2d 35, syllabus. In view of the fact that the discretionary appeal of Cincinnati Co. v. Albers,supra, in which the issue of the retrospective application of WestfieldIns. Co. v. Galatis was referred to in a footnote, is no longer pending, and in view of the summary dispositions of the Ohio Supreme Court applying the holding in Westfield Ins. Co. v. Galatis retrospectively, referred to in that footnote, we conclude that the trial court in the case before us did not abuse its discretion in determining that there is no justiciable controversy between the parties. In reaching this conclusion, we find ourselves in accord with Reinbolt v. Natl. Fire Ins.Co. of Hartford, 158 Ohio App.3d 453, 2004-Ohio-4845.
 {¶ 14} Indiana's Insurance's sole assignment of error is overruled.
 III {¶ 15} Indiana Insurance's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Brogan, P.J., and Grady, J., concur.