DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Fulton County Court of Common Pleas which dismissed a complaint for declaratory judgment filed by plaintiffs-appellants Nationwide Agribusiness Insurance Company ("Nationwide") and Farmland Mutual Insurance Company ("Farmland"). For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On June 2, 1999, appellee Justin Reinbolt was severely and permanently injured as a result of an automobile accident in which he was a passenger in a car driven by Michelle Gloor and owned by Michelle's mother, Diane Gloor. At the time of the accident, Fred Reinbolt, Jr., was employed by Republic Mills, Inc., d/b/a Hudson Feeds ("Republic Mills"). Republic Mills was insured under an automobile policy of insurance and an umbrella policy of insurance issued by Farmland and provided by Nationwide. Justin was not employed by Republic Mills. Subsequently, Justin and his family members sought underinsured motorist coverage benefits under the relevant policies of insurance, including those issued by appellants herein, pursuant to the Supreme Court of Ohio's holdings inScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557. That is, they filed an action in declaratory judgment against numerous insurance companies, including appellants herein. SeeReinbolt v. National Fire Ins. Co. of Hartford, Fulton County Common Pleas case No. 01-CV-000115.
 {¶ 3} On November 5, 2003, the Supreme Court of Ohio released its decision in the case of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003 Ohio 5849. Galatis, which limited Scott-Pontzer and overruledEzawa, holds at paragraph two of the syllabus:
 {¶ 4} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." As a result of the court's holding in Galatis, the Reinbolts filed notices of voluntary dismissal without prejudice pursuant to Civ.R. 41(A)(1)(a), dismissing their declaratory judgment actions against appellants and the other insurance companies named in their complaint.
 {¶ 5} On March 3, 2004, appellants filed a complaint for declaratory judgment against Justin Reinbolt and the members of his family who had filed the previous declaratory judgment action. Appellants sought a declaration from the court that there was no uninsured or underinsured motorist coverage available to the Reinbolts under either the Nationwide auto policy or the Nationwide umbrella policy. In response, the Reinbolts filed a motion to dismiss the action on the ground that, in light ofGalatis, there was no justiciable controversy between the parties. In a memorandum in opposition, appellants argued that because the Reinbolts had dismissed their previous action "without prejudice" they could refile the action against appellants if Galatis were subsequently reversed. Appellants therefore asserted that because there was a lingering threat of future litigation, they were entitled to a declaration of rights under the policies of insurance.
 {¶ 6} In a judgment entry of May 24, 2004, the lower court granted the Reinbolts' motion to dismiss appellants' declaratory judgment action, holding that in light of Galatis, there was no longer a justiciable issue for determination. From that judgment, appellants raise the following assignment of error on appeal:
 {¶ 7} "The trial court committed prejudicial error by granting appellees' motion to dismiss and dismissing appellants' complaint for declaratory judgment."
 {¶ 8} In their sole assignment of error, appellants contend that the trial court erred in dismissing their complaint for declaratory judgment because, despite Galatis, there remains a justiciable controversy between the parties in the form of a lingering threat of future litigation.
 {¶ 9} In Reinbolt v. National Fire Ins. Co. of Hartford,158 Ohio App.3d 453, 2004 Ohio 4845, a companion case to the present one, we rejected the very argument that appellants now raise. InReinbolt, we held that because Galatis extinguished the Reinbolts' claims for uninsured/underinsured motorist coverage benefits, no justiciable controversy remained regarding uninsured/underinsured motorist coverage. That is, there was no lingering threat of future litigation because the Reinbolts no longer had a cause of action against the insurance companies involved in that case. Similarly, no lingering threat of future litigation remains in the present case and the lower court did not err in granting the Reinbolts' motion to dismiss. The sole assignment of error is not well-taken.
 {¶ 10} On consideration whereof, the court finds that substantial justice has been done the parties complaining and the judgment of the Fulton County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal pursuant to App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Skow, J. Glasser, J. Concur.
Judge George M. Glasser sitting by assignment of the Chief Justice of the Supreme Court of Ohio.