OPINION
{¶ 1} Wausau Business Insurance Company ("Wausau") appeals from the judgment of the Ashtabula County Common Pleas Court, which denied Wausau's motion for summary judgment on its declaratory judgment action. We dismiss the appeal.
 {¶ 2} Appellee, Stephanie Baugher, a minor, was injured in an automobile accident. She, through her parents, filed the instant case against the tortfeasor and various insurance companies seeking compensation for the injuries she sustained as a result of the automobile accident.
 {¶ 3} Relevant to this appeal, at the time of the accident Teresa Baugher, Stephanie's mother, was employed by the Pymatuning Valley Local School District. The school district had in effect a business automobile insurance policy issued by Wausau, which provided uninsured/underinsured motorists coverage ("UM/UIM"). Appellees sought a declaration that they were entitled to coverage under the UM/UIM portions of that policy.
 {¶ 4} Wausau filed an answer and counterclaim. Wausau's counterclaim sought a declaration that appellees were not entitled to coverage under the UM/UIM portions of the policy.
 {¶ 5} The parties filed cross-motions for summary judgment. The trial court, applying Scott-Pontzer v. Liberty Mutual FireIns. Co., 85 Ohio St.3d 660, 1999 Ohio 292, found appellees were insureds under the policy and thus, granted appellees' motion for summary judgment and denied Wausau's motion for summary judgment. Subsequently, the various parties dismissed their respective claims, rendering the trial court's judgment denying Wausau's motion for summary judgment on its declaratory judgment action a final appealable order. Wausau filed a timely notice of appeals raising one assignment of error:
 {¶ 6} "The trial court erred in applying Scott-Pontzer v.Liberty Mutual [sic] Ins. Co. (1999), 85 Ohio St.3d 660, to a school district business insurance policy finding coverage for a non[-]employee outside the course and scope of any employment at the time of the accident and is subject to reversal pursuant toWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849."[1]
 {¶ 7} Before addressing Wausau's assignment of error, we must determine whether a justiciable issue exists. We hold no justiciable issue exists, and thus dismiss the appeal.
 {¶ 8} "In order for a party to seek a declaratory determination under R.C. 2721.03 or 2721.05, there must be an actual controversy, the resolution of which will confer certain rights or status upon the litigants." Corron v. Corron (1988),40 Ohio St.3d 75, 79. Here, appellees dismissed their claim for declaratory judgment after the Ohio Supreme Court eviscerated that claim in Galatis. Thus, they no longer seek coverage under the policy, and any decision by this court on Wausau's counterclaim would be advisory. See, generally, Indiana Ins. Co.v. Fox, 2nd Dist. No. 20638, 2005-Ohio-1040.
 {¶ 9} For the foregoing reasons this appeal is dismissed.
O'Neill, J., O'Toole, J., concur.
[1] Appellees have not filed a brief.