[Cite as *Reeves v. Chief of Police*, 2015-Ohio-3075.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Christopher Reeves

      Appellant

v.

Chief of Police, et al.

      Appellees

Court of Appeals No. E-14-124

Trial Court No. 2014CV0567

**DECISION AND JUDGMENT**

Decided:  July 31, 2015

* * * * *

Christopher Reeves, pro se.

Justin D. Harris and Clifford C. Masch, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an accelerated appeal from a judgment of the Erie County Court of Common Pleas which granted the motion of defendants-appellees, the Chief of Police of the Cedar Point Police Department ("chief"), et al., to dismiss the complaint filed by pro se plaintiff-appellant, Christopher Reeves.

{¶ 2} The facts of this case are as follows.  On September 2, 2014, appellant filed an action for monetary and declaratory relief in the court below against the Chief of Police of the Cedar Point Police Department, attorney Justin Harris, and Reminger Co., L.P.A.  The complaint alleged that Reeves had made a public records request of the chief, seeking access to all police reports with narratives taken on July 5, 2014.  The complaint further alleged that appellees refused to comply with the request, on the grounds that because the Cedar Point Police Department is a private entity it did not have to comply with R.C. 149.43, Ohio's Public Records Act, and, if the records were public, Reeves was not entitled to receive them because the judge who sentenced him did not authorize the release of the records pursuant to R.C. 149.43(B)(8).  The complaint asserted that appellees have demanded that Reeves send all public records requests to Harris and Reminger, who represent the chief in litigation.  The complaint then clarified that "this case is not to deal with the denial of the public records request[.]"  Rather, as stated in the complaint, this case was filed "to deal with future public record requests made by Reeves."  Reeves then, in relevant part, sought a declaratory judgment clarifying that the Cedar Point Police Department is the functional equivalent of a public entity that is required to comply with R.C. 149.43, and that R.C. 149.43(B)(8) only applies to persons sentenced to an Ohio sentence by an Ohio judge.

{¶ 3} In response, appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6).  Appellees asserted that Reeves' complaint did not state a justiciable controversy because it sought relief for a hypothetical claim based upon an undefined future request for public

2.

records. Appellees further asserted that the Cedar Point Police Department is neither a public entity, subject to the requirements of R.C. 149.43, nor the "functional equivalent" of a public entity, which would be subject to those requirements. Finally, appellees argued that even if Cedar Point could arguably be deemed a public entity under the functional equivalent test, Reeves' public record request would be barred by R.C. 149.43(B)(8).

{¶ 4} On October 14, 2014, the lower court filed a judgment entry granting appellees' motion to dismiss. The court found as a matter of law that Reeves' complaint did not state a justiciable controversy and otherwise failed to state a cognizable claim recognized by Ohio law. The court further found, however, that the Cedar Point Police Department was neither a public entity subject to R.C. 149.43, nor the "functional equivalent" of a public entity which would be subject to the requirements of R.C. 149.43. Reeves now challenges that judgment on appeal, asserting the following assignments of error:

First Assignment of Error

The trial court committed reversible and prejudicial error in finding the Cedar Point Police Department is not the functional equivalent of a governmental entity mandating compliance with R.C. 149.43.

3.

Second Assignment of Error

The trial court committed reversible and prejudicial error in dismissing the case below finding there exists no justicable [sic] controversy.

**{¶ 5}** The second assignment of error is dispositive of this appeal. We review an order granting a Civ.R. 12(B)(6) motion to dismiss de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). In our review, we must accept the factual allegations in the complaint as true and make all reasonable inferences in favor of the non-moving party. *Maitland v. Ford Motor Co.*, 103 Ohio St.3d 463, 2004-Ohio-5717, 816 N.E.2d 1061, ¶ 11. The motion should be granted when it is beyond doubt from the complaint that the plaintiff cannot prove a set of facts entitling him to recover. *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

**{¶ 6}** Given our standard of review, we must assume that the Cedar Point Police Department is the functional equivalent of a public entity, mandating compliance with R.C. 149.43. Regardless, Reeves did not state a cause of action that could survive appellees' motion to dismiss.

4.

In order to maintain an action for declaratory judgment, a party must show that a real controversy exists between the parties, which is justiciable in character, and that speedy relief is necessary to the preservation of rights which may be otherwise impaired or lost. *Burger Brewing Co. v. Liquor Control Comm.* (1973), 34 Ohio St.2d 93, 97. A trial court may dismiss a complaint for declaratory relief only if no real controversy or justiciable issue exists, or if the declaratory judgment will not terminate the uncertainty or controversy. *Fioresi v. State Farm Mut. Auto. Ins. Co.* (1985), 26 Ohio App.3d 203, syllabus [sic]. Essentially, courts have the power to resolve present disputes and controversies, but do not have authority to issue advisory opinion [sic] to prevent future disputes.

A real, justiciable controversy is a "genuine dispute between parties having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Wagner v. Cleveland* (1988), 62 Ohio App.3d 8, 13. The controversy must be a real or actual controversy. See *Burger Brewing Co., supra.* The resolution of that controversy must confer certain rights or status upon the litigants. *J.C. Penney Cas. Ins. Co. v. Professionals Ins. Co. of Ohio* (1990), 67 Ohio App.3d 167, 172. An action will not lie to obtain a judgment which is merely advisory in nature or which answers a moot or abstract question. *Cincinnati Metro Housing Auth. v. Cincinnati Dist. Council No. 51* (1969), 22 Ohio App.2d 39, 43. A

court will not indulge in advisory opinions. *Egan v. National Distillers & Chemical Corp.* (1986), 25 Ohio St.3d 176, syllabus. *Indiana Ins. Co. v. M.D.O. Homes, Inc.*, 11th Dist. Lake No. 2000-L-167, 2001 WL 1561063, *2 (Dec. 7, 2001)

{¶ 7} Reeves' complaint did not allege a present controversy, but rather asked the lower court to declare that the chief is required to comply with R.C. 149.43 in the future. Such an opinion would be advisory. Moreover, the Supreme Court of Ohio has stated time and again that "'[m]andamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act.'" *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 21, quoting *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees,* 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). Reeves did file a mandamus action in this court following the chief's denial of Reeves' request for records. In a decision and judgment dated September 25, 2014, we dismissed that action for Reeves' failure to deposit a filing fee or file a proper affidavit of indigency sufficient to waive the fee. *See Reeves v. Chief of Police*, 6th Dist. Erie No. E-14-108. Reeves has appealed that decision to the Supreme Court of Ohio.

{¶ 8} Accordingly, as there was no justiciable controversy, the lower court did not err in granting appellee's motion to dismiss, and the second assignment of error is not well-taken.

6.

**{¶ 9}** Because the court properly dismissed the case for Reeves' failure to state a claim, the court had no authority to find that the Cedar Point Police Department is neither a public entity nor the functional equivalent of a public entity under R.C. 149.43. Appellant's first assignment of error is, therefore, well-taken.

**{¶ 10}** On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed, in part, and reversed, in part. The court's dismissal of the action is affirmed. The court's ruling that the Cedar Point Police Department is neither a public entity nor the functional equivalent of a public entity is reversed and vacated. Costs of this appeal are to be shared equally by the parties pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.        _____
                                            JUDGE

Arlene Singer, J.                

Stephen A. Yarbrough, P.J.       _____
CONCUR.                                            JUDGE

                                          _____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

7.